Grier *vs.* Jones.

MARY GRIER, executrix, plaintiff in error, *vs.* JAMES M. JONES, executor, defendant in error.

1. Where a motion was made to set aside a judgment, and was overruled, such latter judgment, so long as it remains unrevoked, or is not shown to be void, is a bar to any further proceedings to set aside the original judgment.

2. The legal representative is a necessary party to proceedings to set aside a judgment in favor of the deceased; and the proper method in such a case is to take an order reciting the judgment, the grounds relied on, the death of the party, the qualification of the representative, and calling upon him to show cause why the judgment complained against should not be set aside, and this order should be served as other motions.

Judgments. Administrators and executors. Practice in the Superior Court. Before Judge STROZER. Randolph Superior Court. May Term, 1874.

In May, 1863, Jones, executor, recovered a judgment against Samuel A. Grier and others. In December, 1869, the execution based on this judgment was levied, and an affidavit of

Grier *vs.* Jones.

,illegality filed thereto upon the ground that the consideration of the indebtedness for which the suit was brought, was slaves. At the November term, 1870, the illegality was sustained. At the November term, 1872, a motion was made to set aside this last order, which was overruled. Subsequent to this time Grier died and Mary Grier became his executrix. At the May term, 1873, the death of Grier was suggested, and *scire facias* ordered to be served upon his executrix, requiring her to show cause why she should not be made a party to a motion to set aside the judgment on the illegality. At the May term, 1874, said executrix showed for cause that there was no such case pending at the death of her testator, but that judgment had been rendered therein prior thereto.

The court overruled the objection, and passed an order making the executrix a party. To this she excepted.

A. Hood ; H. & I. L. Fielder, for plaintiff in error.

John T. Clarke, for defendant.

Trippe, Judge.

1. The record is somewhat confused, and it is impossible to tell whether the *scire facias* was intended to make the executrix a party to the proceedings in the matter of the affidavit of illegality which were disposed of at the November term, 1870, or to the motion to set aside the judgment sustaining that affidavit, which was determined at the November term, 1872, by the same being overruled ; or whether it was to make her a party to a new proceeding to be instituted to set aside the judgment sustainng the illegality. But take it as it is stated to be by the reporter, and we rather think that was the intention, to-wit: that it was intended to proceed again directly with a motion to set aside that judgment—the judgment rendered at November term, 1870, sustaining the illegality. The executrix replied that there was no such case pending against her testator at his death, but that judgment had been rendered therein prior to his death. The great dif-

ficulty in the way of movant, or the plaintiff in the *scire facias,* is that he proposes to set aside a judgment, whilst there has already been a judgment rendered in a similar proceeding for the same purpose, which is still standing unrevoked. That is the judgment of November, 1872. Whilst it stands it is a bar to any further action instituted for the purpose of setting aside the other judgment, the one of November, 1870.

2. The question was made whether a *scire facias* was the proper mode to make the legal representative of a deceased person a party to proceedings to set aside a judgment in favor of the deceased. If such proceedings were commenced in the lifetime of the party, his representative might be moved against by *scire facias*. But if not, then the proper mode would be to take an order reciting the judgment—the grounds relied on, the death of the party, the qualification of the representative—and calling upon him to show cause why the judgment complained against should not be set aside. In other words, as there would be no case pending, the matter could be moved in, as it would be done if the party had not died, except that all the additional allegations which his death makes it necessary to aver in order to show the facts, would have to be made. As to the service, the motion or the order should be served as other motions. As the facts appear in the record, there was error in making the executrix a party.

Judgment reversed.