THE AUGUSTA MUTUAL LOAN ASSOCIATION *vs.* McANDREW.

1. A court of equity will set aside the judgment of a court of competent jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud, or accident, or the act of the adverse party, unmixed with fraud or negligence on his part. Where a case has been tried in the superior court, and exceptions taken to the rulings therein, and the writ of error dismissed because of defects in the record, a bill to set aside the judgment on the same grounds of error is demurrable. Ordinary diligence would require counsel for plaintiff in error to examine the record, and be ready to suggest a diminution, if necessary.

2. When this case was called in the supreme court, counsel for defend-
dant in error exhibited a letter from the president of plaintiff in
error, stating that the case had been settled, and moved to dismiss
the writ of error.   Opposing counsel objected :

*Held*, that the writ will not be dismissed, but plaintiff in error will
have leave to tender, in the court below, an issue as to whether
there has been an accord and satisfaction of the judgment by its
president with the authority of the corporation.

Equity.   Judgment.   Practice in the Supreme Court.
Practice in the Superior Court.   Before Judge GIBSON.
Richmond Superior Court.   October Adjourned Term,
1878.

Reported in the decision.

W. A. & J. M. WALTON ; BARNES & CUMMING, for plain-
tiff in error.

HOOK & WEBB ; WILLIAM GIBSON, for defendant.

WARNER, Chief Justice.

It appears from the record in this case that plaintiff held
two of defendant's mortgages, one dated August 8th, 1860,
for $3,000, and one dated June 12th, 1867, for $1,000, and
at the January term, 1871, of Richmond superior court,
petitioned to foreclose the same, and obtained a rule *nisi*
claiming a balance due on the mortgages of $2,045.64, be-
sides interest, which was duly served on defendant.

At June term, 1871, defendant appeared by his counsel
and pleaded the general issue, usury, payment, irregularities
committed by plaintiff's board of directors in lending and
neglecting to lend money, and in making settlements with
members during the war and subsequently, contrary to the
constitution and upon terms unfavorable to defendant as a
stockholder, and in permitting some stockholders who had
paid their obligations in Confederate money, to borrow again,
after the war, on their stock.   He also pleaded over-payment,
and asked for a judgment against plaintiff for the amount
claimed by him.

At October term, 1875, the case was tried, and the jury, after hearing evidence on the issues raised by the pleadings, and the charge of the court, which appears at large in the record, found a verdict for the plaintiff for $1,020.00, with interest at 7 per cent, from September 11th, 1871, and at the same term a judgment, in the shape of a rule absolute, was rendered thereon by the court.

Both the rule *nisi* and the verdict and judgment were entered at the proper time upon the minutes of the court, and now appear in the record before this court.

At the same term defendant moved for a new trial upon various grounds, which appear in the record, and on the 29th of February, 1876, the motion was overruled, and the defendant excepted and brought the case, by writ of error, to this court.

At July term, 1876, to-wit: on the 12th of December, 1876, the case was called in the supreme court, and after argument had, the court discovered that the record did not contain the petition and rule *nisi*, nor the verdict and judgment absolute, and dismissed the case.

At October term, 1876, of Richmond superior court, held by adjournment December 15th, 1876, the *remittitur* from this court was, by order, entered upon the minutes of Richmond superior court, and plaintiff obtained an execution upon its judgment and caused the same to be levied upon the mortgaged premises.

Afterwards, on the 8th of April, 1877, defendant filed a bill of review, in Richmond superior court, against the plaintiff, in which he detailed the proceedings had in the case in that court and in the supreme court (claiming that the omission from the record of the petition, rule *nisi* and rule absolute was wholly without fault or neglect on his part in any way) and prayed for an injunction and new trial, alleging substantially the same matters of fact and law as were set forth in his pleas and motion for new trial.

To this bill the respondent (now plaintiff in error) filed a demurrer, also a plea of matters in record in aid of the de-

murrer, and an answer--in all of which it was insisted that the matters in controversy herein set forth and more fully appearing in the record, had been adjudicated and finally determined, and that the defendant in error was concluded by the judgment and could not be heard further upon the same matters of fact and grounds of error.

At October term, 1878, of Richmond superior court, held by adjournment December 20th, 1878, the case made by said bill of review was called, and the following order was entered upon the minutes :

"On motion, parties consenting, it is ordered that the above cause be determined by the court, without the intervention of a jury, upon the bill, demurrer, plea and answer."

Subsequently argument was had, and on the 24th of December, 1878, the court rendered the following decision :

"I am unwilling in this case, as judge, to determine more than the question presented by the demurrer. If the facts stated in the bill be true, the complainant is clearly entitled to a rehearing. The demurrer is overruled—cause ordered to be reheard upon the plea and answer of respondent."

To which decision the plaintiff in error excepted.

It does not appear in the record, but it did before the court below, when the case last mentioned was submitted by brief, that a written statement was furnished to his honor, Judge Gibson, by William A. Walton, of counsel for respondent, containing the following facts :

"That a few days after the writ of error in the first case was dismissed by this court, he went into the clerk's office of Richmond superior court, and while examining for other papers, he found among the clerk's files the petition, rule *nisi*, defendant's pleas, and the verdict and judgment absolute in said first case, and called the attention of the deputy clerk to them, who took them in charge."

And "that on a subsequent occasion he examined the minutes of said superior court and found the rule *nisi*, verdict of the jury, and the judgment absolute, entered upon said minutes by the clerk, at the proper dates."

It further appeared that the clerk of the superior court deposed that the record made and sent up to this court was a true copy of the brief of evidence handed him by counsel for McAndrew, and that the papers omitted therefrom (to the best of his knowledge) were not in his office when he made out the record, and that he did not know who had them at that time.

Messrs. Hook & Webb, counsel for McAndrew, deposed that said papers were not in their possession when the record was made out, and that they were not aware of the omission to include them until the fact was stated by this court in pronouncing its judgment.

1. The object of the complainant's bill is to set aside the judgment rendered against him in the court below and which had been affirmed by the judgment of this court on the ground as hereinbefore stated, and the question is whether the demurrer to that bill was properly overruled? Assuming that the complainant's case had merit in it when it was brought up to this court for review at the July term, 1876, and dismissed on the ground that the record and bill of exceptions failed to set out the petition, the rule *nisi*, or the rule absolute, or other final judgment of the court below, according to the well settled law of this court, and thereby affirming the judgment of the court below in that case, does the complainant make such a case by his bill as entitles him to the relief which he seeks in a court of equity? A court of equity will interfere to set aside a judgment of a court having jurisdiction *only* where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud, or accident, or the act of the adverse party, unmixed with fraud or *negligence* on his part. Code, §3129. What caused the writ of error to be dismissed in this court at the July term, 1876, and the judgment now sought to be set aside affirmed? It was because the record was so defective that the case could not be heard and adjudicated in this court. Whose fault was it that the defect in the record was not

discovered and a diminution thereof suggested on or before the calling of the case for a hearing, as provided by the 9th rule of this court? It was nobody's fault but the complainant himself, or that of his counsel, who represented him. Ordinary diligence requires that parties, or their counsel, who have cases pending in this court, should examine their records before their cases are called on the docket for a hearing, so as to be prepared to suggest a diminution thereof if found to be defective. Therefore, it cannot be said that the cause of the dismissal of the complainant's writ of error in this court and the affirmance of the judgment which he now seeks to set aside, was unmixed with *negligence* on his part or that of his counsel, so as to entitle him to relief in a court of equity. 43 *Ga.*, 564; 2 Kelly, 280; 55 *Ga.*, 630; 16 *Ga.*, 398. But it is said this is a hard case on the complainant, and that the court should exert its equitable powers to grant him relief. The reply is that this court administers legal equity and not that wild, undefined, arbitrary equity, as insisted on by the defendant in error. This court administers equity as regulated by law, and not by the standard of equity which each individual may erect for himself in his own conscience. Equity is ancillary, not antagonistic to the law; hence equity follows the law where the rule of law is applicable, and the analogy of the law where no rule is directly applicable. Code, §3083. In our judgment the court below erred in overruling the demurrer to the complainant's bill.

2. When this case was called for a hearing here, the counsel for the defendant in error exhibited a letter from the president of the association stating that the case had been settled, and made a motion to dismiss it, which motion was objected to by the counsel for the plaintiff in error. This court overruled the motion to dismiss, but reserved the question for further consideration, and we now direct that on or before the judgment of reversal in this case shall be entered on the minutes of the court below on the return of the *remittitur* from this court, that the complainant shall

have leave to tender an issue as to whether there has been an accord and satisfaction of the judgment by its president with the authority of the corporation.

Let the judgment of the court below be reversed with directions.