### TYNDALE *v.* MANUFACTURERS SUPPLY COMPANY.

WYATT, Justice. The record in this case shows in substance that the plaintiff in error filed her petition in the Civil Court of Fulton County to set aside a judgment rendered against her in that court, on the ground that the judgment was obtained by fraud, and a traverse to the entry of service in the suit in which the judgment was obtained. A judgment was rendered against her in the Civil Court of Fulton County on both propositions. She carried that case to the Court of Appeals, and the the judgment of the Civil Court of Fulton County was affirmed. The plaintiff in error then filed the petition in the instant case, in equity, seeking to have the judgment rendered by the Civil Court of Fulton County set aside because she was never legally served, and because the judgment rendered against her was obtained by fraud, these being the identical questions decided by the Civil Court of Fulton County in her prior suit. A general demurrer to the petition in the instant case was sustained, and the exception here is to that judgment. *Held:*

1. When the petition filed by the plaintiff in error in the Civil Court of Fulton County was tried, the following judgment was rendered: "The amended motion to set aside the judgment in the above-styled matter coming on to be heard before me upon order to show cause why the judgment in said matter should not be set aside, and after hearing evidence on movants amended traverse of service and dismissing same, and after hearing argument on said amended motion to set aside the judgment, it is hereby considered, ordered and adjudged that the amended motion to set aside judgment is overruled." When that case was carried to the Court of Appeals by the plaintiff in error, the Court of Appeals held: "1. Where a marshal's return of service is traversed on the ground that the entry of service is not true, and he is made a party to the proceedings, and where the court below finds in favor of the return of service and the traversor excepts to that judgment without making the marshal a party in this court, this court is without jurisdiction to determine the correctness of the judgment involving the

traverse of service. . . 2. There was no evidence to support the other grounds of the motion to set aside the judgment and the court properly overruled such motion. On rehearing the former judgment of reversal is vacated and a judgment of affirmance is substituted therefor." *Tyndale* v. *Manufacturers Supply Co.,* 86 *Ga. App.* 526 (71 S. E. 2d, 689). In addition to the authorities cited by the Court of Appeals, see *Augusta Mutual Loan Association* v. *McAndrew,* 63 *Ga.* 490; *Grier* v. *Jones,* 54 *Ga.* 154. It is conceded by the plaintiff in error that the question sought to be raised by the petition in the instant case is the same as was decided by the judgment in the Civil Court of Fulton County and affirmed by the judgment of the Court of Appeals, above quoted, but it is insisted that this petition should not have been dismissed on general demurrer because of Code § 110-503, which reads as follows: "A former recovery on grounds purely technical, and where the merits were not and could not have been in question, shall not be a bar to a subsequent action brought so as to avoid the objection fatal to the first. For the former judgment to be a bar, the merits of the case shall have been adjudicated." When the plaintiff in error had his bill of exceptions dismissed, and properly so, by the Court of Appeals because he had failed to make the necessary parties, the judgment rendered by the Civil Court of Fulton County became final. Certainly a mere reading of that judgment above quoted will disclose that it was based upon the merits of the case and decided the very questions now sought to be raised, and was decided on no technicality.

2. It is just as true, when the bill of exceptions was dismissed by the Court of Appeals because the plaintiff in error had failed to make the necessary parties defendant to the bill of exceptions, this was no technicality. We know of nothing more necessary and essential to the administration of justice than for the courts to have before them all necessary and proper parties when a judgment is rendered. Rules of practice and procedure are not technicalities, but, on the contrary, are fundamentally important to the administration of justice by the courts. We think this is the time and the place to say again what Chief Justice Warner, speaking for the court in *Augusta Mutual Loan Association* v. *McAndrew,* supra, at p. 495, said: "But it is said this is a hard case on the complainant, and that the court should exert its equitable powers to grant him relief. The reply is that this court administers legal equity and not that wild, undefined, arbitrary equity, as insisted on by the defendant in error. This court administers equity as regulated by law, and not by the standard of equity which each individual may erect for himself in his own conscience. Equity is ancillary, not antagonistic to the law; hence equity follows the law where the rule of law is applicable, and the analogy of the law where no rule is directly applicable." We conclude, the general demurrer was properly sustained.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18076. Argued January 15, 1953—Decided February 24, 1953.

*W. George Thomas,* for plaintiff in error.

*Hamilton Douglas Jr., White, Douglas & Arnold* and *Ross Arnold,* contra.