**William H. DAVIS et al., Appellants,**

v.

**Robert UNDERWOOD, Appellee**

Court of Appeals of Kentucky.

Nov. 4, 1955.

Ralph H. Richards, Louisville, for appellants.

Harry S. McAlpin, Louisville, for appellee.

CAMMACK, Judge.

The trial court directed a verdict in favor of the appellee, defendant below, proponent of a holographic will allegedly written by his deceased wife. The appellant filed a notice of appeal in the circuit court and filed the record in the office of the Clerk of the Court of Appeals.

The amount in controversy is more than $200, exclusive of interest and costs, but less than $2500. In such cases, KRS 21.080 provides that an appeal may be prosecuted "upon paying the tax and filing the record in the office of the Clerk of the Court of Appeals in the time and manner provided by law, *and entering a motion that the appeal be granted.*" (Our emphasis) The provisions of this statute are mandatory and in the absence of a strict compliance therewith this Court does not obtain jurisdiction of the subject matter. RCA

1.180 provides specifically that the record in an appeal sought under KRS 21.080 shall be accompanied by a *motion for appeal* designating the parties as appellants and appellees. CR 73.02(3) provides that in such cases the appeal shall be taken by filing a notice of appeal and the record shall be prepared in the same manner and time as in the case of appeals permitted as a matter of right (such as under KRS 21.060); but the Rule expressly states that a *motion for an appeal* shall be made at the time the record on appeal is docketed in the Court of Appeals.

█ Since no motion for an appeal was made in the instant case, this Court does not have jurisdiction of the action and the appeal must be and is hereby dismissed.