UNITED MINE WORKERS OF AMERICA, DISTRICT NO. 23, et al., Appellants,

v.

A. P. MORRIS et al., Partners T/D/B/A Morris Brothers Company, Appellees.

Court of Appeals of Kentucky.
Dec. 5, 1957.

Earl F. Martin, Hartford, Willard P. Owens, Washington, D. C., for appellants.

Clarence Bartlett, Woodward, Bartlett & McCarroll, Owensboro, for appellees.

CLAY Commissioner.

Before us is a motion to dismiss this appeal because of the failure of appellant to file a "Statement of Appeal" within the time required by the Rules of this Court. We are writing an opinion to give the Bar of Kentucky notice of our ruling and the reasons therefor.

CR 73.08 requires the appellant to file the record on appeal within 60 days from the date of filing the notice of appeal (unless an authorized extension of time is granted). RCA 1.090 provides that on original appeals in civil cases "the appellant shall file *with the record on appeal*" (our emphasis) a statement of appeal setting forth specified essential information. RCA 1.070 provides in part as follows:

> "(a) To perfect an original appeal the appellant shall (1) cause the record on appeal to be filed, (2) pay the tax of $5 required by KRS 142.011(1), and (3) file the statement of appeal required by RCA 1.090."

RCA 1.060(c) permits the clerk to enter an appeal in the docket book *only* when the appealing party has complied with RCA 1.070.

■ It could not be made clearer by our Rules that the filing of the statement of appeal with the record on appeal is an indispensable part of the appeal procedure. This is not something new, since almost from time immemorial the statement of appeal was required by our former Civil Code of Practice. Section 739. It is not a formality, but is required because it furnishes this Court necessary information with respect to the parties to the appeal, the judgment appealed from, and other items of importance. The clerk is unable to advise the appellees that an appeal has been perfected until they have been designated in such statement. No steps looking to the disposition of an appeal by this Court may be taken without the information furnished by it.

■ In the present case appellants had until October 1, 1957 to file the record on appeal under CR 73.08. The record was received by the clerk of this Court (having been sent by the circuit clerk) on September 25. On that date our clerk advised appellants' attorney of the receipt of the record, and further advised: "As soon as all necessary papers are received, this appeal will be properly filed and docketed". Without having a statement of appeal the clerk was not authorized to file this record.

In spite of this notice and in spite of the fact that appellants' appeal time ran out on October 1, the statement of appeal was not filed until October 7. Under the rules above set out, the latter was the date the record was officially filed, which was several days too late.

It is the contention of appellants that the filing of the statement of appeal is a "mere technicality", and that it would be unconscionable for the Court to dismiss the appeal for failure to file it within the time prescribed. Let us examine this "mere technicality" argument.

All rules of legal procedure are technical. They are peculiar to the science and practice of law. They prescribe the specialized method by which the judical process may be invoked and exercised. Without rules the judicial machinery could not operate at all. It has been aptly stated:

"Judical procedure fixes the conditions, the time and manner as to which one may seek the use of the courts; it prevents surprise, oppression, and a subsequent attack on the same issue; it makes the humblest man the equal of the strongest; and it confines the oppressive hand of the government to the orderly method open as well to the humblest citizen. * * *. Since justice can only be administered scientifically, not popularly, it must be done by fixed, correlated rules, lest principle be sacrificed for expediency and civil liberty and property rights be based upon a whim, and the necessary popular faith fail from lack of confidence and respect."

Shelton, The Philosophy of Rules of Court, 13 ABA Journal, Part II, pages 3 and 4.

Judicial administration is dependent upon procedural rules. Without a definitive method of procedure a court cannot function effectively, nor would citizens have the equal protection of the law. See Kass v. Baskin, 82 U.S.App.D.C. 385, 164 F.2d 513; Tyndale v. Manufacturers Supply Co., 209 Ga. 564, 74 S.E.2d 857.

■ We cannot say that rules regulating appeal procedure are mere technicalities to be enforced or relaxed upon the whim of this Court. Such rules have the force of law. People v. Byrnes, 4 Ill.2d 109, 122 N.E.2d 247. As stated in Allmon v. Review Board of Indiana Employment Security Division, 1953, 124 Ind.App. 212, 116 N.E.2d 115, at page 117:

"This court is not inclined to dispose of litigation by mere technicalities; however, the rules of the Supreme Court are clear and concise and it is the duty of all parties preparing transcripts to comply with the rules of the court. The rules of the Supreme Court and this court when adopted

and published have the same force and effect as law and are binding alike upon courts and litigants."

It is true that all procedural rules are not of equal significance. Under proper circumstances, a violation may be excused for good cause shown. Compliance may often be waived by the opposing party. Strictness of enforcement may depend upon whether a particular rule is for the benefit of the court to aid it in the discharge of its duties or is for the convenience of the litigants. See Missouri, K. & T. Ry. Co. v. Kidd, 7 Cir., 146 F. 499.

The right of appeal is a special privilege granted by the legislature. By our Rules of Civil Procedure and the Rules of this Court, a simple, specific, direct and exclusive method of taking appeals has been prescribed. Compliance with these Rules is necessary to enable this Court to function in a fair, orderly, effective, and efficient manner.

We have heretofore decided that an appeal cannot be taken unless the notice of appeal is filed within the time prescribed by CR 73.02. Electric Plant Board of City of Hopkinsville v. Stephens, Ky., 273 S.W.2d 817. This Rule may be branded a technical one, but it is absolutely essential to the process of appeal. Likewise CR 73.08 is a technical Rule which requires the filing of the record on appeal within a prescribed time. Failure to comply with this Rule warrants dismissal of the appeal. Belk-Simpson Company v. Hill, Ky., 288 S.W.2d 369. The same is true if the appellant fails to file a motion for appeal required by KRS 21.080. Davis v. Underwood, Ky., 283 S.W.2d 851.

Each of the above rules prescribes a condition upon which a party litigant may invoke the jurisdiction of this Court or may have the merits of his appeal considered. These rules are not for the benefit of the parties, but control the operation of the judicial machinery. Only by compliance may the appellant set in motion a course of action by this Court to discharge its appellate duties. We are of the opinion that RCA 1.070, requiring the filing of the statement of appeal, is a rule within this category.

Suppose we were in this case to excuse appellants' failure to comply with RCA 1.070. On what conceivable ground could we in fairness require compliance by any other litigant? If no one is required to comply, the Rules become a mockery, and why have them at all? The obvious answer is, of course, that without such Rules this Court would be unable to perform its judicial functions in an orderly, proper, or efficient manner. See Biggs v. Spader, 411 Ill. 42, 103 N.E.2d 104.

In unusual situations, for good cause shown, non-compliance with this or other Rules may possibly be excused. However, we cannot condone serious infractions and consider the merits of every case simply on the ground that the doctrine of substantial justice supersedes all rules of procedure. As said in United States v. Seigel, 83 U.S.App.D.C. 88, 168 F.2d 143, 146:

> "Justice cannot be administered in chaos. Moreover, the administration of justice involves not only meticulous disposition of the conflicts in one particular case but the expeditious disposition of hundreds of cases. If the courts must stop to inquire where substantial justice on the merits lies every time a litigant refuses or fails to abide the reasonable and known rules of procedure, there will be no administration of justice. Litigants must be required to cooperate in the efficient disposition of their cases."

See City of Louisville v. Christian Business Women's Club, Inc., Ky., 306 S.W.2d 274.

It is with great reluctance that this Court denies a party the right to be heard on the merits of his appeal. However, an appellate hearing is conditioned upon compliance with essential rules, without which this Court could not effectively conduct its

business. It is our duty to enforce those rules as a part of the judicial process, even though occasional hardship may result. We could not justify disruption of the system by invoking some "wild, undefined, arbitrary equity" to give preferential treatment to those who do not comply with the prescribed procedure. See Tyndale v. Manufacturers Supply Co., 209 Ga. 564, 74 S.E. 2d 857.

The appeal is dismissed.