**S. W. BARDILL, Appellant,**

v.

**BIRD WELL SURVEYS, Inc., Appellee.**

Court of Appeals of Kentucky.

Feb. 14, 1958.

W. D. Bratcher, Greenville, for appellant.

Claude E. Smith, Owensboro, for appellee.

CLAY, Commissioner.

We are called upon to reconsider our former ruling dismissing this appeal for failure to file the record on appeal within the time prescribed by CR 73.08. Admittedly the record was filed several days late. Appellant contends that appellee waived compliance with the rule.

The record was filed on July 10, 1957. Appellant filed his brief on July 22. On August 20 appellee filed its brief on the original appeal and on the cross-appeal which it had taken. The motion to dismiss for failure to file the record in time was not filed until September 16.

Upon the filing of appellee's brief on the merits, the case was ready for submission under RCA 1.270. It had not been formally submitted by the clerk, but it had been completely prepared by both parties and could have been decided by the court any time after August 20.

Strict compliance with CR 73.08 is required, and the appeal will be dismissed if a timely motion is made. Belk-Simpson Company v. Hill, Ky., 288 S.W.2d 369.

Under the former Civil Code it was recognized that the failure to file the record in time could be waived by the opposing party if a motion to dismiss was not made prior to submission of the case. Nickell v. Citizens' Bank of Kuttawa, 109 Ky. 641, 60 S.W. 408, 22 Ky.Law Rep. 1257; Wermeling v. Wermeling, 224 Ky. 107, 5 S.W. 2d 893. In Welch v. National Cash Register Co., 103 Ky. 192, 44 S.W. 640, 19 Ky. Law Rep. 1857, it was stated that to have an appeal dismissed on this ground it is the duty of the appellee to make his motion *within a reasonable time.*

The filing of the record on appeal is not a jurisdictional matter, and noncompliance with the time limits of CR 73.08 may be excused under special circumstances. To the extent that the rule is for the benefit of appellee, the principle of waiver followed under the Civil Code of Practice is applicable to the Rules of Civil Procedure. However, parties may not by waiver (or agreement) ipso facto nullify procedural rules since this Court has a real interest in their uniform enforcement. See United Mine Workers of America, Dist. No. 23 v. Morris, Ky., 307 S.W.2d 763.

On the question of waiver, we find appellee did not raise a timely objection to the late filing of the record. He under-

took to prosecute a cross-appeal on that record. Both appellant and appellee filed briefs on the merits of the appeal. It was not until after all procedural steps required for submission of the case for decision that appellee filed his motion to dismiss. This delay constituted a waiver of the objection.

As far as this Court is concerned, since all procedural steps by both parties properly have been taken since the record was filed, we believe the appeal should be considered on its merits. Excusing noncompliance with CR 73.08 under the particular circumstances of this case will not impair our procedural scheme or adversely affect the rights of other litigants.

Our former orders ruling on this question are set aside, and the motion to dismiss is denied.