**Helen HAWKS, Appellant,**

v.

**Donald A. WILBERT et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 15, 1961.

Rehearing Denied March 23, 1962.

**656**

James T. Robertson, Donald R. Pierce, Louisville, for appellant.

Raymond O. Harmon, Boehl, Stopher, Graves & Deindoerfer, Curtis G. Witten, Louisville, for appellees.

MONTGOMERY, Judge.

Appellant, Helen Hawks, by her notice of appeal says that she appeals "from the order overruling plaintiff's motion for a new trial entered * * * on June 30, 1961."

Appellees question the sufficiency of the notice to appeal from a judgment entered April 28, 1961. The motion for a new trial was filed May 1, 1961. The notice of appeal was filed July 13, 1961. Appellees have moved to dismiss the appeal because the order mentioned in the notice of appeal is not a final order and is not appealable.

Appellant's counsel admit the error but insist that the notice given was sufficient to constitute actual notice and that appellees were not misled. Reliance is placed on Louisville Taxicab & Transfer Co. v.

Tungent's Adm'r, 313 Ky. 1, 229 S.W.2d 985; Cornett v. Wilder, Ky., 307 S.W.2d 752; and White v. Hardin County Board of Education, Ky., 307 S.W.2d 754. The first authority cited was decided prior to the effective date, July 1, 1953, of the new Rules of Civil Procedure, and is not determinative. In the other two cases, it was held that an order overruling or granting a new trial is not a final order and is not appealable. Actually, in Cornett v. Wilder, the appeal was dismissed for failure to abide by CR 54.02. Thus, none of the authorities cited sustain appellant's position.

A similar notice was expressly condemned in the White v. Hardin County Board of Education case, decided December 5, 1957. See also Spears v. Burchett, Ky., 289 S.W.2d 731; Hardin v. Waddell, Ky., 316 S.W.2d 367. While holding that the notice of appeal was from an order not appealable, the Court permitted the appeal in the White case as being a substantial compliance. The assigned reason for so doing was the confusion and lack of knowledge on the part of the legal profession on this point. The reason for the decision in the White case has ceased to exist. What was said then in condemnation of such notice is equally applicable here.

In considering this and similar failures of counsel to follow the rules of appellate practice, the Court is confronted with many hard decisions. The choice presented is whether it is better to adhere strictly to the rules with some seemingly harsh decisions resulting, or to permit a substantial compliance when no prejudice is shown to have been occasioned by the dereliction. This problem has plagued the Court many times. However, rather than having to decide whether each dereliction is prejudicial, the Court has adopted the policy of strict compliance in the belief that the legal profession should by now be adequately informed on these rules. The necessity of strict compliance and the supporting reasons have been thoroughly dis-

cussed in the White case and in United Mine Workers of America, Dist. No. 23 v. Morris, Ky., 307 S.W.2d 763, also decided December 5, 1957. See also Electric Plant Board v. Stephens, Ky., 273 S.W.2d 817; Commonwealth v. Black, Ky., 329 S.W.2d 192. Hence, the Court feels there is no reason to discuss the matter further or to depart from its policy of strict compliance.

The motion to dismiss the appeal is sustained, and the appeal is dismissed.