Henry B. McFERRAN, Appellant,

v.

POSTAL SERVICE, INC., Appellee.

Pendleton SANDERFUR, Appellant,

v.

POSTAL SERVICE, INC., Appellee.

John A. LEWIS, Appellant,

v.

POSTAL SERVICE, INC., Appellee.

Court of Appeals of Kentucky.

Feb. 4, 1966.

H. Solomon Horen, Louisville, for appellants.

John L. Bennett, Hogan, Taylor, Denzer & Bennett, Louisville, for appellee.

HILL, Judge.

These actions for personal injuries growing out of an automobile accident were consolidated for the purpose of trial and were dismissed on motion of appellee in a novel proceeding in which the trial court enforced a verbal stipulation settling the claims after claimants and their attorney

declined to accept the amounts of the alleged settlement. Attorney for claimants denied the finality of the verbal stipulation of the settlement. Appellants denied authorizing their attorney to settle on the terms enforced by the court.

Regardless of the merits of the appeals, and in the interest of consistency, we dismiss the appeals on the authority of Hawks v. Wilbert, Ky., 355 S.W.2d 655 (1961). The judgment appealed from in these consolidated cases provided that $15,000 paid into court by appellee be paid over to appellants, and their suits dismissed. The judgment was dated and entered December 9, 1963. On the following day appellants filed written motion to set the judgment aside. On December 28, 1963, the court overruled appellants' motion to set aside the order of December 9.

The notices of appeal were filed January 27, 1964. One is as follows: "Notice is hereby given that the Plaintiff, Henry B. McFerran, hereby appeals to the Court of Appeals from the judgment signed herein on December 28, 1963, wherein this Court overruled Plaintiff's motion to vacate this Court's order of December 9, 1963, dismissing this action." Three notices of appeal were filed. They are identical. Appellants appealed from an order overruling their motion to vacate the judgment. Such an order is not an appealable order. They could have, should have, and probably intended to appeal from the final judgment dated December 9.

CR 73.03 provides: "The notice of appeal * * * shall designate the judgment or part thereof appealed from." In the construction of the foregoing code provision, this Court said in Hawks v. Wilbert, supra:

"In considering this and similar failures of counsel to follow the rules of appellate practice, the Court is confronted with many hard decisions. The choice presented is whether it is better to adhere strictly to the rules with some seemingly harsh decisions

resulting, or to permit a substantial compliance when no prejudice is shown to have been occasioned by the dereliction. This problem has plagued the Court many times. However, rather than having to decide whether each dereliction is prejudicial, the Court has adopted the policy of strict compliance in the belief that the legal profession should by now be adequately informed on these rules. The necessity of strict compliance and the supporting reasons have been thoroughly discussed in the White case and in United Mine Workers of America, Dist. No. 23 v. Morris, Ky., 307 S.W.2d 763 * * *."

Wherefore the appeals are dismissed.