**Robert D. PRESTON, Commissioner of Insurance, Appellant,**

v.

**Hon. George F. WILLIAMSON, Judge Shelby Circuit Court and The Commonwealth of Kentucky, Appellees.**

**Robert D. PRESTON, Commissioner of Insurance, Commonwealth of Kentucky, Appellant,**

v.

**Hon. George F. WILLIAMSON, Judge Shelby Circuit Court and the Commonwealth of Kentucky, Appellees.**

Court of Appeals of Kentucky.

June 30, 1972.

C. Thomas Easterly, Dept. of Ins., Robert D. Preston, Commissioner, Dept. of Ins.,

Frankfort, Ky., S. Roy Woodall, Wyatt, Grafton & Sloss, Louisville, for appellant-petitioner.

John B. Breckinridge, Atty. Gen., Frankfort, Ky., Lucien Kinsolving, Commonwealth Atty., Shelbyville, Ky., Laura L. Murrell, Asst. Atty. Gen., Frankfort, Ky., for appellees-respondent.

OSBORNE, Judge.

This is a consolidated action wherein this court has upon its own motion consolidated an, appeal and a petition for writ of prohibition, as they involve the same subject matter. The question presented is one of procedure and complex. The pertinent proceedings as they transpired in the trial court are as follows:

1. On January 29, 1971, a mandate was issued from this court affirming judgment against the United Bonding Company forfeiting bail bonds in the amount of $20,000, plus interest, 10% penalty, and cost. Maryland National Insurance Company was surety on that appeal.

2. On April 10, 1971, an order was entered against Maryland National for the full amount of the judgment against United Bonding.

3. Maryland National is an out-of-state insurance company required by KRS 304.8–020 to file a deposit with the Commissioner of Insurance. Two writs of execution were issued against the deposits of Maryland National on April 15, 1971. These were served on the Department of Insurance.

4. On April 21, 1971, counsel for Maryland National moved to set aside the execution and set May 4, 1971, for a hearing date. The certificate of service on this motion shows that it was served on the general counsel for the Department of Insurance.

5. On May 4, 1971, hearing was held and the Department of Insurance did not appear.

6. On May 15, 1971, order was entered overruling the motion to set aside the execution. No appeal was taken from that order.

7. On July 30, 1971, counsel for the Department of Insurance moved to set aside the execution and attachment for the same reasons that had been argued by counsel for Maryland National on May 4, 1971.

8. On September 10, 1971, after hearing, the Department of Insurance's motion was overruled.

9. On September 17, 1971, Robert Preston brought an original action in this court for a writ of prohibition. Order was entered the same day for temporary writ of prohibition. Motion was made to dismiss the writ on the ground there was an adequate remedy by appeal, and the order of May 15, 1971, was final to all parties and not appealed from.

10. On September 21, 1971, there was a notice of appeal filed in Shelby Circuit Court in the case of: Robert Preston, Commissioner of Insurance v. Honorable George Williamson, Shelby Circuit Judge.

11. At this time there is pending in this court:

A. A writ of prohibition, filed and temporarily granted on September 17, 1971, by Robert Preston, Commissioner of Insurance v. Honorable George Williamson, Shelby Circuit Judge.

B. An appeal from the order overruling the Department of Insurance's motion to set aside the execution styled: Robert Preston, Commissioner of Insurance v. Honorable George Williamson, Shelby Circuit Judge. But the motion was made in the case of Commonwealth of Kentucky v. Maryland National Insurance Company.

■ We are first faced with the problem of whether the notice of appeal is sufficient. The notice of appeal is styled: Robert Preston, Commissioner of Insurance v. Honorable George F. Williamson, Shelby Circuit Judge. The case from which the attempted appeal is taken is Commonwealth of Kentucky v. Maryland National Insurance Company. Robert Preston did not enter the case until an execution was issued against the funds of Maryland National, which Preston as Commissioner of Insurance had deposited with him as statutory deposit. After execution was issued the Commissioner made a motion to set it aside. It is from the order overruling this motion that he attempts to appeal. CR 73.03 states:

"The notice of appeal shall specify the party taking the appeal and shall designate the judgment." In the proceedings now before us, Robert Preston is the party attempting to take the appeal. His notice of appeal reads as follows:

"Notice is hereby given that Robert Preston, Commissioner of Insurance for the Commonwealth of Kentucky, appellant above named, hereby appeals to the Court of Appeals from the final order issued in this action on the 10th day of September, 1971."

The problem with this notice of appeal is that it states the appeal is "from the final order issued in this action." The appeal is not in the action of Robert Preston v. Circuit Judge, et al. The appeal is from the final order in the action of Commonwealth of Kentucky v. Maryland National Insurance Company. We are of the opinion that the foregoing notice of appeal did not sufficiently designate the order from which the appeal was taken and, therefore, is insufficient. See Hopkins v. Hilliard, Ky., 444 S.W.2d 130; Hawks v. Wilbert, Ky., 355 S.W.2d 655.

For the foregoing reasons the appeal in the case of Commonwealth of Kentucky v. Maryland National Insurance Company is hereby dismissed.

■ Now, coming to the action in this court for a writ of prohibition prohibiting the circuit judge from issuing execution upon the funds, we are of the opinion that the Commissioner of Insurance had an adequate remedy at law by appeal had he properly perfected his appeal. Therefore, the petition for prohibition must be disallowed.

All concur.