**FOREMOST INSURANCE COMPANY
and Robert H. Lloyd, Movants,**

v.

**Mabel SHEPARD et al., Respondents.**

**FIRST HUNTINGTON NATIONAL
BANK, Movant,**

v.

**Mabel SHEPARD et al., Respondents.**

**Donald W. CONLEY, dba Donald W.
Conley Insurance Agency, Movant,**

v.

**Mabel SHEPARD et al., Respondents.**

**MOBILE HOMES ACCEPTANCE CORP.
a/k/a Mobile Homes Acceptance Corp.
of Ohio, Movant,**

v.

**Mabel SHEPARD et al., Respondents.**

**Sherman ADAMS, Movant,**

v.

**COMMONWEALTH of Kentucky,
Respondent.**

Supreme Court of Kentucky.

Sept. 11, 1979.

Rehearing Denied Nov. 20, 1979.

Bert T. Combs, Charles R. Simons, Tarrant Combs & Bullitt, Louisville, George B. Fleshman, Ashland, for Foremost Ins. Co. and Robert H. Lloyd.

George B. Fleshman, Ashland, for First Huntington Nat. Bank.

James E. Cooper, Gray, Woods & Cooper, Ashland, for Donald W. Conley, dba Donald W. Conley Ins. Agency and Mobile Homes Acceptance Corp. a/k/a Mobile Homes Acceptance Corp. of Ohio.

James E. Adkins, II, Roger W. Hall, Adkins, Adkins & Hall, Catlettsburg, for Mabel Shepard.

Woosley M. Caye, Louisville, for Movant Sherman Adams.

Robert F. Stephens, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for respondent Commonwealth of Kentucky.

CLAYTON, Justice.

The Court of Appeals dismissed the appeals of movants in these two actions for failure to designate a final judgment in the respective notices of appeal as required by CR 73.03. We granted discretionary review to evaluate our policy of strict compliance with CR 73.03 in light of Section 115 of the Kentucky Constitution, an issue common to both cases. We will first discuss the civil action from the Boyd Circuit Court and then proceed to the criminal case instituted in the Bullitt Circuit Court.

### I.

Mabel Shepard filed suit in the Boyd Circuit Court alleging interference with contract against movants Foremost Insurance Company and Robert H. Lloyd, First Huntington National Bank, Donald W. Conley, and Mobile Homes Acceptance Corporation. On November 23, 1977, the trial court entered judgment against movants pursuant to a jury verdict in favor of Shepard. On February 21, 1978, movants filed notices of appeal from orders of the Boyd Circuit Court entered on November 23, 1977 (reciting the jury verdict rendered on that day) and January 20, 1978 (denying movants' motions for judgment notwithstanding the verdict or a new trial). Neither of the orders designated was final or appealable. None of the notices of appeal mentioned the judgment of November 23, 1977. On August 3, 1978, the Court of Appeals granted Shepard's motion to dismiss movants' appeals for failure to designate an appealable judgment in the notices of appeal.

■ A notice of appeal must "designate the judgment or part thereof appealed from." CR 73.03. In *Hawks v. Wilbert,* Ky., 355 S.W.2d 655 (1962), this court held that a notice of appeal which did not designate a final judgment was defective and dismissed the appeal. We have consistently enforced the policy of strict compliance with CR 73.03 announced in *Hawks.* Movants contend that this policy is inconsistent with Section 115 of the Kentucky Constitution[1] and must be relaxed to permit substantial compliance where the intent to appeal is clear and the rights of the parties are not prejudiced.

■ It is our opinion, however, that the right of appeal guaranteed by Section 115 may be conditioned upon strict adherence to orderly rules of procedure. "Substantive rights, even of constitutional magnitude, do not transcend procedural rules, because without such rules those rights would smother in chaos and could not survive." *Brown v. Commonwealth,* Ky., 551 S.W.2d 557, 559 (1977). We therefore decline to retreat from our policy of strict compliance with rules of procedure regarding appeals. None of the notices of appeal filed by movants designates a final or appealable judgment. The Court of Appeals properly dismissed the appeals.

---

1. Section 115 reads in relevant part: "In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court . . . ."

■ Movants also argue that Shepard waived any objection to defects in the notices of appeal by failure to timely file her motion to dismiss, citing *Bardill v. Birdwell Surveys, Inc.*, Ky., 310 S.W.2d 265 (1958). In *Bardill* the motion to dismiss was not filed until after all of the procedural steps necessary for submission of the case. The court held that the motion to dismiss was not seasonably made and that the delay constituted a waiver of the objection. In the case at bar, however, Shepard moved to dismiss before her briefs were filed. All of the procedural steps required for submission of the case had not been taken, and the motion to dismiss was therefore timely.

■ Finally, movants submit that the judgment of the Boyd Circuit Court entered on November 23, 1977, was not a final and appealable judgment. Inasmuch as this issue was not raised before the Court of Appeals, it is not properly before this court.

## II.

The Bullitt Circuit Court entered judgment against Sherman Adams pursuant to a jury verdict finding him guilty of disorderly conduct. Movant filed notice of appeal from the jury verdict and from the trial court's refusal to grant a directed verdict. The Commonwealth timely filed a motion to dismiss for failure to designate a final or appealable judgment in the notice of appeal. The Court of Appeals granted the motion and dismissed the appeal.

■ RCr 12.04(2) requires that the notice of appeal "designate the judgment from which the appeal is being taken." The language of RCr 12.04(2) is based upon CR 73.03, and the same policy with respect to compliance applies to both rules. In light of our decision above to continue the policy announced in *Hawks*, we must reject movant's argument that Section 115 of the Kentucky Constitution mandates less than strict compliance with RCr 12.04(2). The notice of appeal filed by movant did not designate a final judgment and the Court of Appeals properly dismissed the appeal.

The decision of the Court of Appeals dismissing the appeals is affirmed.

PALMORE, C. J., and AKER, CLAYTON, LUKOWSKY and STERNBERG, JJ., concur.

STEPHENSON, J., files a dissenting opinion in which REED, J., joins.

STEPHENSON, Justice, dissenting.

I recognize that since 1962 this court has enforced a policy of strict compliance with CR 73.03 in accordance with *Hawks*. The opinion in *Hawks* represented a policy decision that rejected the alternative of substantial compliance in the absence of prejudice to the opposing party. In 1962 this court faced problems with an enormous and ever growing docket. The 1962 court apparently concluded that it could not afford the luxury of taking the time to decide substantial compliance and lack of prejudice on a case-by-case basis. This situation no longer exists, and it is my opinion that we should abandon the rigid policy of strict compliance, as announced in the majority opinion, in favor of a policy of substantial compliance where the defect does not mislead or prejudice the opposing party. This is in accordance with policy in the Federal courts. In *Foman v. Davis, Executrix*, 371 U.S. 178, 181–82, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), presented with the same situation as here, the court said:

" 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' "

See also *Jones v. Chaney & James Construction Company*, 399 F.2d 84 (1968), where the United States Court of Appeals for the Fifth Circuit said:

"This court has consistently said that an appeal will be entertained where an 'overriding intent to appeal' may be reasonably inferred from the text of the notice and the defect has not materially misled the appellee."

It is apparent that the problem presented here is universal. The terms of CR 73.03

are clear, but on occasion otherwise careful practitioners fall into the trap of designating an interlocutory order in the notice of appeal rather than the final judgment. I would examine each case to determine if the opposing party was misled or prejudiced and if not permit "substantial compliance."

This would be no more onerous on this court than making a determination of "excusable neglect," in CR 6.02 and CR 60.02, on a case-by-case basis which is analogous to the problem here.

In none of the cases here is there any pretense that the respondents were misled or prejudiced at all by the defective notice of appeal. It is apparent that in each of the cases the movants had in mind appealing from the judgment.

I would reverse the decision of the Court of Appeals and reinstate the appeals.

REED, J., joins in this dissent.