UNINSURED EMPLOYERS'
FUND, Appellant,

v.

Donald BREWSTER; Energy Works, Inc.; Special Fund; and Workers' Compensation Board, Appellees.

No. 90–SC–373–WC.

Supreme Court of Kentucky.

Sept. 26, 1991.

Fred Cowan, Atty. Gen., Michael A. Richardson, Donald Roney, Asst. Attys. Gen., Frankfort, for appellant.

Phillip Lewis, Karen G. Chrisman, Law Office of County Atty., Hyden, for appellee Donald Brewster.

Energy Works, Inc., c/o H. McConniel, Columbus, Ohio, for appellee Energy Works, Inc.

John E. Stephenson, Louisville, for special fund.

CHARLES E. MOORE, Special Justice.

This case traveled a tortuous route to arrive here. On November 18, 1985, Donald Brewster initiated the journey by filing an application for adjustment of his workers' compensation claim seeking total disability as a result of coal worker's pneumoconiosis. He alleged his employment at Energy Works, Inc. last exposed him to coal dust.

Energy Works, Inc. carried no workers' compensation insurance. The Workers' Compensation Board joined the Uninsured Employers' Fund ("Fund") as a Defendant.

The Fund defended on the basis Mr. Brewster was a self-employed person.

After briefing the case, but before a decision, the Fund filed a motion asserting the absence of service of process on Energy Works, Inc., mandated the Fund's dismissal.

The Board passed the motion to dismiss to consider the case on the merits and rendered an opinion on May 2, 1988.

In its opinion the Board addressed the self-employment issue cursorily by stating Mr. Brewster "was employed in a laboring capacity in the coal mining industry...." and "[p]art of that experience included his employment as a machine operator with the defendant-employer from 1981 through March 26, 1983."

Although the Board found Mr. Brewster was 50 percent occupationally disabled as a result of coal workers' pneumoconiosis, it dismissed his claim. The Board reasoned it had no jurisdiction over Energy Works, Inc., because the notice sent to Energy Works, Inc., pursuant to KRS 342.195 and KRS 342.135 had been returned and the statutes' provisions that notice be considered served when deposited in the mail did not afford due process to Energy Works, Inc. Consequently, the Board concluded the absence of Energy Works, Inc., prevented it from rendering an award against the Fund as its liability was derivative of Energy Works, Inc.

Mr. Brewster appealed to the Perry Circuit Court, as well as to the "new" Kentucky Workers' Compensation Board which came into existence in the interim. The Perry Circuit Court determined the "new" Board had exclusive jurisdiction of the appeal and ordered the record and the appeal transferred to the "new" Kentucky Workers' Compensation Board so the appeal could proceed in that forum.

When Mr. Brewster appealed to the "new" Board, the Fund cross-appealed asserting "the ("old") Board failed to make a finding of fact on the special answer of the respondent/cross-petitioner that cross-petitioner was a self-employed person and that petitioner/cross-respondent failed to prove execution and delivery of the notice of the injury."

Mr. Brewster, after filing his appeal, moved the Workers' Compensation Board to remand the matter to the "old" Board in order to attempt further service on Energy Works, Inc., by the long arm statute and other statutory means. The Board re-

sponded by ordering the case held in abeyance for 60 days to give him an opportunity to attempt service of the opinion and award on Energy Works, Inc.

During the abeyance period, Mr. Brewster perfected service on Energy Works, Inc., through the Secretary of State's office under the long arm statute. The case then proceeded before the "new" Workers' Compensation Board.

The Workers' Compensation Board considered the question of jurisdiction and found both notice and due process satisfied. The Board also stated, "if any jurisdictional matters actually exist, defendant-employer can raise those issues and be heard upon them before any deprivation of his property" in the circuit court.

The "new" Board refused to consider the self-employment defense raised by the Fund. It held the Fund failed to preserve the issue for review by omitting to file a petition for reconsideration required by KRS 342.281 since the absence of a finding on the self-employment issue would be an error patently appearing on the face of the opinion.

The Fund appealed to the Court of Appeals posing the following questions for consideration:

1. Did the Board exceed its powers, in acting as a body of original jurisdiction, stepping outside the law of an appellate body, in trying a case on new evidence adduced by its order?

2. If *Eaton Axle*[1] and the court's reasoning applies at all, doesn't it apply to Brewster as authority to dismiss his appeal by his failure to petition for reconsideration before the trial board?

3. Can this administrative tribunal shift its jurisdiction to a circuit judge to ultimately decide the jurisdictional question in a collection suit of Brewster against Energy to the prejudice of both state funds?

The Court of Appeals entered an order pursuant to CR 76.25(10) dispensing with the need for briefs or oral arguments. Subsequently, an opinion of the Court of Appeals answered all the issues presented

adversely to the Fund and sustained the decision of the Workers' Compensation Board.

The Fund then appealed to this Court from the Court of Appeals' decision raising the following issues:

1. Can a party petition for reconsideration if that party has been relieved of all liability?

2. If *Eaton Axle* does not require the filing of a petition for reconsideration on one jurisdictional issue, why does it require a filing on a different jurisdictional issue?

3. Did the Court of Appeals improperly shift the burden of establishing the basic employment relationship from the Plaintiff to the Defendant, and in so doing change the jurisdictional basis of the Workers' Compensation Act?

■ Regarding the first two issues, the Fund argues the Workers' Compensation Board improperly required it to file a petition for reconsideration in order to preserve for review the defense of self-employment. The Fund did not present that issue to the Court of Appeals. Before the Court of Appeals the Fund only contended Mr. Brewster's appeal should have been dismissed because he did not file a petition for reconsideration. Any comments by the Court of Appeals regarding the effect of the Fund's failure to file a petition for reconsideration were gratuitous.

We ordinarily consider errors of a trial court or, in this case, the Workers' Compensation Board only if presented in the Court of Appeals. *Foremost Ins. Co. v. Shepard*, Ky., 588 S.W.2d 468 (1979). Therefore, we decline to address whether the Fund needed to file a petition for reconsideration as that issue was not presented to the Court of Appeals.

However, we caution against construing this opinion as condoning requiring a party receiving a favorable administrative law judge's decision to file a petition for reconsideration as a prerequisite to presenting an argument to the Workers' Compensation Board to sustain the decision in response to an appeal by the losing party. We direct attention to the doctrine es-

---

1. *Eaton Axle v. Nally*, Ky., 688 S.W.2d 334 (1985).

poused in *Carrico v. City of Owensboro,* Ky., 511 S.W.2d 677, 679 (1974).

■ We do not believe the evidence supports the Fund's claim that the Court of Appeals improperly approved relieving the claimant of the burden of establishing the basic employment relationship. The claimant must adduce evidence sufficient for the finder of fact to conclude employment existed. Once the claimant introduces competent evidence of probative value the finder of fact may accept it. *Mengel Co. v. Lehman,* Ky., 259 S.W.2d 19, 21 (1953). Here Mr. Brewster testified Energy Works, Inc., employed him. Additionally, he testified about specific indices of employment such as his hourly wage rate, number of hours worked, nature of the job and his supervisor. The finder of fact apparently found that evidence credible. Certainly the testimony sufficiently supports the conclusion that an employment relationship existed. Thus, the burden of proof did not shift.

The Fund does not argue here the "old" Workers' Compensation Board failed to make a finding of fact on the employment issue. However, we note the superficiality of the "old" Workers' Compensation Board's findings of fact on that issue. We trust administrative law judges now and henceforth will meaningfully address questions of fact.

We affirm the Court of Appeals' decision and remand this case to the administrative law judge for entry of an award.

All concur, except REYNOLDS, J.

All sitting, except REYNOLDS, J., not sitting.