Robert H. ALLPHIN, Chairman, Jess Thomas et al., Members of the Kentucky Tax Commission and Kentucky Department of Revenue, Appellants,

v.

DAVIESS COUNTY FISCAL COURT, Appellee.

Court of Appeals of Kentucky.

Nov. 24, 1954.

J. D. Buckman, Jr., Atty. Gen., Squire N. Williams, Jr., M. B. Holifield, Asst. Attys. Gen., for appellants.

George S. Wilson, Jr., Shelby Denton, Owensboro, for appellee.

CULLEN, Commissioner.

There has come on to be heard the motion of the appellee to dismiss the appeal, which appeal was taken by the Kentucky Tax Commission and Kentucky Department of Revenue from a judgment of the Franklin Circuit Court. The judgment held that an order of the Kentucky Tax Commission equalizing the assessment of property for taxation in Daviess County was invalid because the commission did not grant the county officials an adequate hearing in accordance with KRS 133.160.

In KRS 133.170 it is provided that either party may appeal from a judgment in this character of case within 10 days after the entry of judgment. The appellants here filed a notice of appeal with the circuit court, under CR 73.02, within 10 days from the date of entry of the judgment, but the record was not filed in this Court until 16 days after entry of the judgment.

It is provided in KRS 446.190 that where a statute limits the time for taking an appeal in a special kind of civil case, the ap-

peal must be docketed in the Court of Appeals within the time so specified, and in addition the appellant must file a notice of appeal within the time specified by the Civil Rules. This statute clearly was designed to meet the situation here presented. Since the appellants here did not cause the case to be docketed in this Court within the time required by KRS 133.170, their appeal must fail. See Clay, CR 73.02, Comment 7.

The motion to dismiss the appeal is sustained and it is ordered that the appeal be dismissed.