**Frank WALLACE, Appellant,**

v.

**WALTERS & KEENE MOTOR COMPANY, Appellee.**

Court of Appeals of Kentucky.

June 24, 1955.

V. R. Bentley, Pikeville, for appellant.

O. T. Hinton, W. R. Young, Pikeville, for appellee.

STEWART, Chief Justice.

This is a motion for an appeal from a judgment awarding appellee $485.35 damages against appellant. Appellee contends the appeal should be dismissed because there was a failure to comply with CR 75.-04, which required appellant to serve with his designation a concise statement of the points on which he relied on the appeal, since he did "not designate for inclusion the complete record and all the proceedings and evidence in the action". The contention is a meritorious one.

Without a statement of points appellee had no means of knowing what additional parts of the record should be brought up under a counter-designation to give a fair and complete picture of the issues, so that its interests on the appeal could be protected. The purpose of CR 75.04 is to meet such a situation. See Ashton v. Town of Deerfield Beach, 5 Cir., 1946, 155 F.2d 40. We find in reading his brief that appellant argues points that need support from the omitted portions of the record. Appellee is faced with questions raised by appellant which cannot be met, it asserts, because the parts of the record necessary to constitute a defense thereto are missing. This indicates the prejudicial effect of appellant's failure to comply with CR 75.04.

Under CR 73.02(2) we are authorized to, and we hereby, dismiss the appeal in view of appellant's failure to comply with the Rules in perfecting his appeal. See United States v. Gallagher, 9 Cir., 1945, 151 F.2d 556.