**BELK–SIMPSON COMPANY, Inc.,**
**Appellant,**

**v.**

**Lizzie HILL, Appellee.**

Court of Appeals of Kentucky.

March 16, 1956.

Allen, Duncan, Duncan & Arnold, Lexington, for appellant.

Beverly White, Winchester, for appellee.

STEWART, Judge.

Appellee, Lizzie Hill, moves pursuant to CR 73.08 to dismiss this appeal for the reason that the record was not lodged in

this Court within sixty days from May 7, 1955, the date of filing the notice of appeal. The record was not filed with the clerk of this Court until July 13, 1955, whereas July 6, 1955, was the last day.

In seeking to have appellee's motion to dismiss overruled, appellant relies upon CR 75.07(4), which reads: "The matter certified under the provisions of Sections (1), (2) and (3) shall constitute the record on appeal and shall be transmitted by the clerk to the Court of Appeals." It is asserted an unqualified duty was placed upon the circuit court clerk to transmit the record within the time limit set by CR 73.08 and any delay which resulted in this respect should not be charged to appellant. We do not agree.

 CR 75.07 is concerned with the record to be prepared, certified and transmitted to the Court of Appeals. The first three sections of this Rule definitely require the circuit court clerk to assemble and certify such portions of the record for the appeal as may be designated by the parties, and CR 75.07(1) enumerates certain items that must of necessity be included therein. However, the burden is upon the appealing party under this Rule to secure and file with the clerk any matter which is not in that official's possession or under his control and which was designated to be included in the record. See also CR 75.02. Once the requirements of the first three sections of this Rule are satisfied, CR 75.07(4) provides that the clerk shall forward to this Court the record on appeal. This is merely a ministerial act. It is thus apparent there are reciprocal duties imposed upon the appealing party and the clerk by CR 75.07, and it is the responsibility of both, to say the least, to see that the record on appeal is properly prepared for transmittal to this Court.

 CR 73.08 is the applicable Rule governing the time within which a record shall be filed with the clerk of the Court of Appeals. The pertinent part of the Rule reads: "The record on appeal as provided for in Rules 75 and 76 shall be filed with the Court of Appeals within 60 days from the date of filing the notice of appeal; * *. *." Clearly this Rule places upon the appealing party the responsibility of lodging his record in this Court before the prescribed 60-day limit expires. The one who is served or affected by a Civil Rule is the one who must act to invoke its aid or meet its demands where the Rule is silent as to who shall act. Furthermore, this Rule indicates CR 75.07 is simply one of the preparatory stages in the prosecution of the appeal. That the appealing party is the person whose obligation it is to see that the appeal is perfected is also made manifest by the fact that he may secure an extension of time under the conditions set forth in CR 73.08, whereas there is no provision of appellate procedure whereby a circuit court clerk may request and be granted an extension of time to prepare the record.

In the recent case of Allphin v. Daviess County Fiscal Court, Ky., 273 S.W.2d 359, 360, an attempt was made to prosecute an appeal to this Court under KRS 133.170(3), which statute allows only ten days to consummate an appeal from the date of rendition of the judgment. This same statute provides that the circuit court clerk "shall transmit to the Clerk of the Court of Appeals the original record", etc. The record was docketed too late and when a motion was made to dismiss for this reason, it was argued there, just as it is now argued here, that the sole responsibility was placed upon the clerk to see that the record was filed in time. We rejected such a contention in that case, holding without any discussion that "since the appellants (Allphin and others) here *did not cause* the case to be docketed in this Court within the time required by KRS 133.170, their appeal must fail." That opinion decided the question before us when it cast the burden entirely upon the appealing party to cause his record to be filed in time, since the language construed was the same in the statute involved there as that under scrutiny here.

 In the case at bar, the appealing party neglected to file, or cause to be filed, with the circuit court clerk until after the

time had run out, a portion of the record designated by it for inclusion therein, i. e. the transcript of evidence in the hands of the court reporter who had taken it down stenographically. This it failed to do, notwithstanding the fact that CR 75.02 placed this duty absolutely upon its shoulders. It cannot therefore be said that the circuit court clerk was derelict in any respect. We conclude it also cannot be said there is any legal justification or sound reason for excusing the appealing party from accountability for seeing that the record on appeal is lodged in time in this Court.

Wherefore, the appeal is dismissed.