**Howard KNIGHT, Appellant,**

v.

**RESOLUTE INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

Feb. 20, 1959.

**256**

J. Walter Clements, Louisville, for appellant.

Frick & Mangeot, Herman E. Frick, Louisville, for appellee.

WADDILL, Commissioner.

This Court is reconsidering the correctness of our former order which dismissed the appeal because of noncompliance with CR 75.04. This Rule, in pertinent part, reads:

"* * * If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he shall serve with his designation a concise statement of the points on which he intends to rely on the appeal. The complete record, for the purpose of this Rule, does not include nonessential orders, summons, subpoenas, notices and similar papers."

Appellant insists that the complete record was designated for inclusion in the record on this appeal, and, therefore, he was not required to serve on appellee a statement of points on which he intends to rely in this Court.

Appellant concedes that the original answer in the case was not designated for inclusion in the record on the appeal, but he contends it was not necessary to include this pleading in the designation because appellee was not a party to the action when this pleading was filed. Appellant further urges that the pleadings in this case are not essential to a determination of the questions raised on the appeal for the reason that a reversal is sought upon errors committed by the trial judge during the course of the trial which appear in the transcript of the testimony.

Appellant's argument seems to ignore the fact that the original answer is a part of the record regardless of when appellee became a party to the suit. At this stage of the proceedings we are unwilling to speculate concerning whether the pleadings are essential to a disposition of the issues which may be raised on the appeal.

Inasmuch as appellant has designated only certain parts of the record in the case for inclusion in the record on appeal, we are dismissing the appeal for failure to serve with the designation a concise statement of points as is required by CR 75.04. See Wallace v. Walters & Keene Motor Company, Ky., 280 S.W.2d 493.

Wherefore, the appeal is dismissed.