**COMMONWEALTH of Kentucky, Department of Highways, Appellant,**

**v.**

**Clarence BLACK et al., Appellees (two cases).**

Court of Appeals of Kentucky.

Oct. 23, 1959.

Rehearing Denied Dec. 18, 1959.

H. B. Kinsolving, III, Shelbyville, for appellant.

Thomas Marshall, Frankfort, for appellees.

BIRD, Judge.

Appellant has filed the entire record of trial proceedings with the Clerk of this Court.

No designation was served upon appellees nor was one filed with the Circuit Court as required by CR 75.01. Appellees move for a dismissal of the appeal because of appellant's failure to comply with the rule.

In United Mine Workers of America v. Morris, Ky., 307 S.W.2d 763, 766, we said:

"It is with great reluctance that this Court denies a party the right to be heard on the merits of his appeal. However, an appellate hearing is conditioned upon compliance with essential rules, without which this Court could not effectively conduct its business. It is our duty to enforce those rules as a part of the judicial process, even though occasional hardship may result. We could not justify disruption of the system by invoking some 'wild, undefined, arbitrary equity' to give preferential treatment to those who do not comply with the prescribed procedure."

Appellant insists however that no one has been prejudiced by the failure to file the designation. This we think is answered by a statement quoted in City of Louisville v. Christian Business Women's Club, Ky., 306 S.W.2d 274, 277, as follows:

" 'We are told that in substance no injustice would result from ignoring the rules in this case. That may be, but it cannot justify the departure. Just as soon as rules of procedure are ignored in order to do substantial justice on the merits in a particular case, there are no rules. What is done in one case must be done in all.' "

The foregoing excerpts clearly state the policy adopted by this Court. The steps required for the taking and perfecting of an appeal provide for an orderly entry into the Court of Appeals. The rules governing those steps are clear and unequivocal and entail a minimum of effort and diligence. We have therefore adopted a rule of strict compliance concerning the steps requisite to perfecting an appeal in this Court. Consequently, we dismiss actions for noncompliance with rules governing the requisite steps. United Mine Workers of America, Dist. No. 23 v. Morris, Ky., 307 S.W.2d 763; Knight v. Resolute Insurance

Co., Ky., 321 S.W.2d 255; Hawkins v. Hoskinson, Ky., 324 S.W.2d 399.

Serving and filing a designation under CR 75.01 are requisite steps in the appeal procedure. Appellant having failed to take the steps it is ordered that the appeal be dismissed and that the costs be taxed against appellant.