Rahama JACKSON, Individually, etc., et al., Appellants,

v.

Tip JONES, Appellee.

Court of Appeals of Kentucky.

June 17, 1960.

Lester L. Parrott, Pineville, for appellants.

H. M. Tye, Carlos B. Pope, Barbourville, for appellee.

WADDILL, Commissioner.

The sole issue to be resolved on this appeal is whether a circuit court clerk is required by CR 75.07(4) to transmit the record on appeal to the Court of Appeals within the time limit set by CR 73.08. Under the circumstances of this case, we have concluded that the judgment entered in the circuit court which decided the issue in the negative is correct.

The facts giving rise to the instant action are these. In a former action, wherein the present appellants were plaintiffs, a judgment was entered against them. From that judgment, plaintiffs attempted to perfect an appeal to this Court. However, the record on appeal was not timely filed with the Clerk of this Court which resulted in the appeals being dismissed. Thereafter, plaintiffs in the former suit brought the instant action against the circuit court clerk alleging that his failure to timely transmit the former record on appeal resulted in plaintiffs' being damaged in the sum of $5,600. The trial court sustained the clerk's motion to dismiss the action on the ground that the complaint failed to state a claim upon which relief can be granted.

In Belk-Simpson Co., Inc. v. Hill, Ky., 288 S.W.2d 369, we rejected the contention that the circuit court clerk has the sole responsibility of transmitting a record on appeal. In the course of the opinion we said that CR 75.07(4), which provides that the record on appeal shall be transmitted by the clerk to the Court of Appeals, merely requires the circuit court clerk to perform a ministerial act. Relying upon Allphin v. Daviess County Fiscal Court, Ky., 273 S.W.2d 359, we further said that CR 75.-07(4) casts the burden entirely upon the appealing party to cause the record on appeal to be filed within the time limit set by CR 73.08.

Since it has been determined that CR 75.-07(4) imposed no duty upon a circuit court clerk to timely transmit a record on appeal, it follows that the complaint failed to state a claim against the appellee-clerk.

Judgment affirmed.