**LOUISVILLE GAS & ELECTRIC COM-
PANY, Appellant,**

**v.**

**Robert V. PATTERSON et al., Appellees.**

Court of Appeals of Kentucky.

June 17, 1960.

Rehearing Denied March 17, 1961.

Middleton, Seelbach, Wolford, Willis & Cochran, Gerald Kirven, O. Grant Bruton, Louisville, T. C. Carroll, Shepherdsville, for appellant.

C. V. Sanders, Shepherdsville, for appellees.

PALMORE, Judge.

This is a condemnation case, tried in circuit court on appeal from the county court. The condemnor moves for an appeal from the judgment of the circuit court awarding the landowner $2,200. After filing its notice of appeal the condemnor in accordance with CR 75.01 designated specific portions of the record and proceedings to be contained in the record on appeal, but did not serve therewith a concise statement of points on which it intended to rely on the appeal, as required by CR 75.04. Therefore, the motion for appeal must be overruled. Taylor v. Warman, Ky.1960, 331 S.W.2d 899; Com. v. Black, Ky.1959, 329 S.W.2d 192; Hawkins v. Hoskinson, Ky. 1959, 324 S.W.2d 399; Knight v. Resolute Ins. Co., Ky.1959, 321 S.W.2d 255; Wallace v. Walters & Keene Motor Co., Ky. 1955, 280 S.W.2d 493.

Appellant has moved that the portions of the record included in the designation be treated as the "complete record" and those omitted as "nonessential," or, in the alternative, that corrective measures be directed or permitted. The words, "nonessential orders, summons, subpoenas, notices and similar papers," as used in CR 75.04 do not include pleadings. The statement of grounds of appeal required by KRS

416.280(1) is a pleading, without which the record is not complete. That no prejudice would result from granting the relief sought by the motion last mentioned does not justify a departure from the rules governing the perfecting of appeals to this court. See Com. v. Black, Ky.1959, 329 S.W.2d 192.

Motions overruled and judgment affirmed.