**H. J. BAILEY et al., Appellants,**

v.

**ASHLAND DISCOUNT ASSOCIATION, Inc., Appellee.**

Court of Appeals of Kentucky.

March 4, 1966.

Jean L. Auxier, Pikeville, for appellants.

Henry D. Stratton, Pikeville, for appellee.

DAVIS, Commissioner.

The appellants have attempted to appeal from an order confirming a master commissioner's report of sale, asserting an equity of redemption pursuant to KRS 426.530. Appellee's motions to strike part of the record, and to dismiss the appeal on procedural grounds were passed to a consideration upon the merits. We are dismissing the appeal because of the procedural defects fatal to its perfection.

The order confirming the judicial sale was entered August 3, 1964; the notice of appeal from that order was filed September 2, 1964, the last day for filing under CR 73.02.

On November 2, 1964, an order was entered, ex parte, extending the time for filing the record in this court to and including December 31, 1964. This was done pursuant to CR 73.08. It is quite significant, however, that the appellants had not filed any designation of record on appeal when the extension of time was sought and granted. The record before us is entirely

silent as to any reason advanced by appellants for requesting the additional time for filing the record.

On December 28, 1964, the appellants filed a designation of a partial record pursuant to CR 75.01. However, no statement of points was served with the designation as required by CR 75.04. The record on appeal, as originally filed in this court on December 31, 1964, did not contain any statement of points. However, by a supplemental record, filed here January 15, 1965, there is reflected a statement of points shown to have been filed in the circuit court on December 30, 1964.

■ In the statement of appeal appellants assert that the amount in controversy exceeds $2,500, but there is no recitation in the judgment or other pleading supporting that assertion. Appellants contend that the appraisement of the property, included in the record, shows on its face that the property was valued at more than $2,500. Even if we could say that the appraisement was a pleading (which is quite doubtful) we still would have no basis for holding that the asserted equity of redemption has a value of $2,500. Since the appeal has been undertaken as a matter of right, the failure to present an affirmative showing that the amount in controversy is as much as $2,500 is fatal. KRS 21.060; 21.070; 21.080. Kayrouz v. Joiner, Ky., 377 S.W. 2d 890; Pennyrile Rural Electric Co-op. Corp. v. Lyon County, Ky., 318 S.W.2d 430.

■ The case at bar presents a glaring example of misuse of the pertinent rules applicable to perfection of appeals to this court. CR 75.01 relates to the designation of the contents of the record to be used on appeal. Significantly, the first word of that section is "Promptly." The litigant is required to serve upon the appellee, and file with the circuit court, a designation of the portions of the record to be used on appeal—and this is to be done

*promptly* after an appeal is taken. It is noteworthy that CR 1 directs that the Rules of Civil Procedure shall be construed " * * * to secure the just, speedy, and inexpensive determination of every action." The appeal is "taken" when the notice of appeal is filed in the circuit court. CR 73.- 02(2). Thus, in the present case, the appeal was "taken" on September 2, 1964. The designation of record was filed December 28, 1964—some 117 days after the notice of appeal, and three days before the expiration of the time for filing the record in this court. In our view this designation of record was not filed "promptly" within the meaning of CR 75.01.

■ It must be observed that CR 73.08 does afford flexibility in the time limit for filing the record in this court. The cited rule prescribes that the record shall be filed within 60 days from the date of filing the notice of appeal. In recognition of practical difficulties which may prevent completion of the record within that time, the rule provides that the circuit court may extend the time to a total of 120 days under prescribed conditions. Additional remedy, in proper cases, is afforded by motion and "showing of good cause" for extension in this court. The rule permits the granting of the extension in the circuit court, ex parte. But this is not to be considered as an automatic extension to 120 days in every case. The extension is to be granted in the exercise of a judicial discretion—that is for a justifiable cause. Some valid reason should be advanced reflecting entitlement to the extension. When a designation of record has not been filed, it is difficult to understand how a litigant can validly show the court a pressing need for time to have a record prepared. What record?

■ The record which was finally filed in this case is short; it contains 33 pages, including the clerk's certificate. In the absence of any showing of unusual circumstances we are unable to perceive any rea-

son which required even 60 days to prepare this record, and how an additional 60 days could have been needed is beyond conception. It seems amazing that the designation was filed December 28, 1964, and the record certified as completed December 29, 1964. We are aware that counsel sometimes direct clerks and reporters to proceed with preparation of a record prior to filing a designation—but this is a practice which is not recognized by the Rules of Civil Procedure, and does not comport with standards of good procedure.

■ When the designation was at long last filed, it was for a partial record. It was unaccompanied by a statement of points. It was filed just three days before the record was required to be filed in this court. This was not a timely filing. CR 75.01 provides that after the service of the designation, any other party may serve and file a designation of additional portions of the record, if done within 10 days. Obviously, the appellee here was effectively deprived of the 10 days in which to file a designation for any additional portion of the record. The late filing of the statement of points curtailed even more the time allotted to appellee for making designation of any additional record. An almost identical situation was treated in In re Plankinton Bldg. Co. (Harvey v. First Mortgage Bondholders' Protective Committee), 7 Cir., 133 F.2d 900. There the court dismissed an appeal because the appellant did not *promptly* designate the record on appeal as required by F.R.Civ.P. 75(a). Under the then prevailing federal rule, the record was required to be filed in the appellate court within 40 days from the date of the notice of appeal; the appellant there had designated a partial record 37 days after the notice of appeal, but did not serve a copy of it upon the appellee until the 41st day after the notice of appeal. In sustaining the motion to dismiss the appeal the court remarked:

"In this case the designation of the record did not include the complete record and the appellants did not serve notice upon the appellee or the other defendants as to what they had included in their designation of the record until December 8, 41 days after the filing of the notice of appeal; thus they deprived the appellee of its rights under Rule 75(a) of having ten days to serve and file a designation of additional portions of the record. Under the circumstances here appearing, we see no reason for denying appellee's motion." Id., 133 F.2d 901.

Reference is had to Clay, CR 75.01, Author's Comment 4, pp. 365–366, in which it is remarked that although no specific time limit is fixed by CR 75.01 for making designation of record, it should be done at the earliest reasonable time that practical considerations permit. The same note contains the caveat: "The time limits prescribed by Rule 73.08 with respect to filing the record in the Court of Appeals should be kept in mind." That this has not been done at bar is patent.

■■ We have written at this length in order to focus attention of the bench and bar on the problem at hand. We emphasize that CR 73.08 is to be utilized in order to afford *needed* time for preparation of the record on appeal, but is *not* to be regarded as a built-in device to obtain an additional 60 days as a matter of routine. There should be some showing that the extra time is required so that the trial judge may have an opportunity to exercise a judicial discretion. We further emphasize that CR 75.01 has significance, and that "promptly" as used in the rule is not meaningless. While we fix no rigid formula, we observe that the failure to file a designation within 60 days after the filing of the notice of appeal creates grave doubt that a later filing was done "promptly." When a partial record is designated, the 10 days available to the opposing parties for counter designation should be borne in mind. The failure to afford the allotted 10 days to the opponent is not "promptly."

In passing we note that consideration of the merits of the appeal leaves the definite impression that appellants could not prevail even if the appeal had been properly filed.

The appeal is dismissed.