**William H. ABELL et al., Appellants,**

**v.**

**Kathleen H. MEGUIRE, Appellee.**

Court of Appeals of Kentucky.

April 22, 1966.

As Modified May 5, 1966.

Marshall P. Eldred, Louisville, for appellants.

S. J. Stallings, Louisville, for appellee.

CLAY, Commissioner.

We have before us a motion to dismiss this appeal. In sustaining the motion we are writing this opinion to reiterate the reasons for our disapproval of a practice which constitutes a clear violation of the Rules of Civil Procedure.

The ground of appellee's motion to dismiss is that appellants, after taking an appeal, did not "promptly" serve upon appellee and file with the circuit court a designation of the record as required by CR 75.01. The pertinent steps taken in the case are as follows:

September 15, 1965, judgment entered.

October 12, 1965, notice of appeal filed.

November 29, 1965, motion to extend time for filing record on appeal to 120 days (which motion was sustained).

December 21, 1965, designation of record served and filed.

Normally the record on appeal must be filed with the Court of Appeals within 60 days of the date of the filing of the notice of appeal. CR 73.08. In order to begin compliance with this requirement, obviously appellant must designate the record to be prepared for filing. With this deadline in view, CR 75.01 enjoins the appellant to serve and file a designation of the record upon which the appeal is based *"Promptly* after an appeal to the Court of Appeals is taken ' * * *.'" (Our emphasis) The appeal is "taken" by filing the notice of appeal.

The word "prompt" is defined in Webster's New International Dictionary, Second Edition, as "Ready and quick to act as occasion demands; responding instantly; alert; as, *prompt* in obedience, *prompt* to go". Referring to this procedural step, it is stated in Clay, Kentucky Practice, Vol. 7, CR 75.01, Comment 4 (page 366):

"No specific time limit is fixed, but this should be done at the earliest reasonable time that practical considerations permit."

Bearing in mind that CR 73.08 directs the filing of the record in the Court of Appeals within 60 days from the filing of the notice of appeal, the Rules require some expedition on the part of the appellant in taking the initial step in this process. By no stretch of the imagination, in the absence of most extraordinary circumstances, could it be said that an appellant who has failed to designate the record on appeal within 60 days after filing his notice of appeal has acted "promptly". As a matter of fact, he has not acted *at all* within the time prescribed for perfecting his appeal. We have recently written at length on such an obvious violation of Rule 75.01. Bailey et al. v. Ashland Discount Association, Inc., Ky., 400 S.W.2d 508. To forestall the contention that what we said in that case was dictum, we now adopt that reasoning as decisive of the single issue here presented.

It has been called to our attention that some attorneys assume they have a right to take 120 days for filing the record on appeal (upon motion), and the time of designating what record they will appeal on is an incidental matter. In the interest of all parties concerned, we condemn these concepts of proper appeal procedure. There are several reasons for this.

To condone a custom of violating the clear mandates of our Civil Rules would eventually destroy them altogether. While it is natural in appealed cases to consider the rights of the appellant, the appellee also

has some rights. Having been successful in the trial court, he should not be subjected to unwarranted delay by the opposing party who seeks review. It is incumbent upon the appellant to bestir himself, and if he may utilize appeal procedure for the purpose of delay, it not only violates appellee's rights but also both the spirit and the letter of the Civil Rules. As we have emphasized in so many of our cases,[1] an appeal is a serious matter and the Civil Rules may be fairly administered only if strict compliance is required equally of all. They have sufficient built-in flexibility.

■ A dissatisfied party is allowed 30 days after the entry of judgment to determine whether the record justifies the taking of an appeal. If a litigant has so decided, he must, at the time of filing his notice of appeal, have some idea of the grounds of his appeal and the record he will require. The Rules perhaps would not be too harsh if they required an appellant to designate the record at the time he filed his notice of appeal. To avoid possible hardship, the drafters of the Federal Civil Rules and our Civil Rules granted the appellant a reasonable time after deciding to appeal within which to direct the preparation of his record. By the use of the word "promptly" in Rule 75.01, notice is given that the time is beginning to run against him immediately upon the filing of his notice of appeal. With the normal 60 day limit to complete the record, the appellant has the duty to initiate the process in the "earliest reasonable time that practical considerations permit".[2]

As before noted, in the absence of most extraordinary circumstances, an appellant who does not order the preparation of a record within 60 days has not only failed to do what he was required to do promptly, but he has failed to do it at all. As pointed out in Bailey v. Ashland Discount Association, Inc., Ky., 400 S.W.2d 508, it is difficult to understand how an appellant could, under CR 73.08, present a proper ground for extending the time to *file* the record *when he has not even started to have his record prepared*.

■ In the present case appellants took almost all of their allotted time before filing a notice of appeal. They took no further steps for a month and a half, when they filed a motion to extend the time to file the record in the Court of Appeals. They then waited almost a month before serving and filing their designation.

It appears appellants are appealing on a single clear-cut question of law. Accepting as true everything appellants state in their Response to appellee's motion to dismiss the appeal, we find nothing extraordinary which would justify this unreasonable delay in deciding upon and designating the record required to present the single ground of appeal. The late designation was a manifest violation of CR 75.01, and in spite of our high regard and respect for the attorneys involved, we cannot condone the very type of practice which we so recently condemned in Bailey v. Ashland Discount Association, Inc., Ky., 400 S.W.2d 508.

1. Electric Plant Board of City of Hopkinsville v. Stephens, Ky., 273 S.W.2d 817; Wallace v. Walters & Keene Motor Co., Ky., 280 S.W.2d 493; Belk-Simpson Co. v. Hill, Ky., 288 S.W.2d 369; Hargis v. Dumbacher, Ky., 293 S.W.2d 637; Motors Ins. Corp. v. Fields, Ky., 294 S.W.2d 518; United Mine Workers of America, Dist. No. 23, v. Morris, Ky., 307 S.W.2d 763; Davenport v. Martin, Ky., 310 S.W.2d 775; Coyle v. Capital Engineering Services, Inc., Ky., 314 S.W.2d 541; Maslow Cooperage Corporation v. Hofgesang, Ky., 316 S.W.2d 126, 127;

Knight v. Resolute Insurance Company, Ky., 321 S.W.2d 255; Hawkins v. Hoskinson, Ky., 324 S.W.2d 399; Commonwealth v. Black, Ky., 329 S.W.2d 192, 193; Taylor v. Warman, Ky., 331 S.W.2d 899; Jackson v. Jones, Ky., 336 S.W.2d 565; Louisville Gas & Electric Company v. Patterson, Ky., 343 S.W.2d 371; Davidson v. Davidson, Ky., 344 S.W.2d 823; Bottom v. Bybee, Ky., 358 S.W.2d 542.

2. Clay Kentucky Practice, Vol. 7, CR 75.01, Comment 4 (page 366).

During the pendency of the motion to dismiss, appellants timely perfected their appeal by filing the record and a brief on the merits of the controversy. We have examined the record before us and are of the opinion that there were no reversible errors in the judgment.

The appeal is dismissed.