James **DIXON** and Woetherles Townsend, Appellants,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

April 26, 1968.

Rehearing Denied Nov. 1, 1968.

Neville M. Tucker, David Kaplan, Benjamin F. Shobe, Louisville, for appellants.

John B. Breckinridge, Atty. Gen., Harold T. Hotopp, Frankfort, for appellee.

DAVIS, Commissioner.

We deal with a motion to dismiss this criminal appeal for failure to timely file the record and transcript of evidence.

James Dixon and Woetheries Townsend were tried and convicted in the Jefferson Circuit Court in September 1967 for maliciously burning a building. Their motion for a new trial was overruled on October 24, 1967, and judgment of imprisonment was then entered against them. Notice of appeal was filed on October 24, 1967.

On December 21, 1967, the trial court granted an extension of sixty days in which to complete the record for appeal. RCr 12.58(1). On February 20, 1968, the appellants filed in this court a certified copy of the judgment of conviction together with a certified copy of the circuit court order of December 21, 1967, enlarging the time for filing the record, accompanied with their motion to this court to extend the time for filing the record to and including March 19, 1968, as permitted by RCr 12.58(2). That motion was based upon the representation of counsel that the official court reporter would be unable to complete the transcript of evidence because of numerous transcripts which had previously been ordered in other appealed cases.

Counsel stated in the motion that the reporter " * * * states that there are other Transcripts of Evidence which were ordered prior to the one in the above styled case and that as soon as the other Transcripts of Evidence are completed, she will begin work on the Transcript of Evidence in this case." No affidavit accompanied the motion of February 20, 1968. On March 4, 1968, appellee responded to the motion of February 20, 1968, and prayed that the motion for extension be overruled. In its response appellee pointed out that the appellants had never ordered a transcript of evidence from the official reporter and filed in support of that statement the affidavit of Mrs. Frances Evans, official reporter who had taken the testimony at the trial. In her affidavit Mrs. Evans related that as of March 4, 1968, no request had been made of her to prepare a transcript of evidence in the case and that she would not undertake to make a transcript until it was ordered. The reporter deposed that it would not have been possible for her to prepare the transcript by February 23, 1968, even had she been requested to do so, but she would have "put it in line for transcription" had she been so requested.

On March 13, 1968, this court entered an order granting an extension to the appellants to and including March 19, 1968, within which to file the record on appeal and transcript of evidence.

On March 19, 1968, appellants filed another motion pursuant to RCr 12.58(2) seeking an extension of time to and including September 1, 1968, in which to file the record of appeal and transcript of evidence. In support of that motion, affidavit of Honorable Neville M. Tucker, of counsel for appellants, was filed in which it was recited that immediately after March 4, 1968, counsel had conferred with Mrs. Evans, the reporter, "in regard to putting the above styled case in line for transcription." The affidavit further recited that

Mrs. Evans "had indicated" that the transcript would be started as soon as other previously requested transcripts had been completed. The affidavit stated that the reporter would begin the transcript during the first week of April 1968, but that it could not be furnished before September 1, 1968.

Appellee filed its response to the motion of March 19, 1968, accompanied with its own motion to dismiss the appeal. In its response appellee asserted that the transcript of evidence had not been ordered as of March 28, 1968, the date of response. Another affidavit of the court reporter was filed in support of the response and motion to dismiss in which the court reporter recited that subsequent to March 4, 1968, counsel for the appellants had asked for an estimate of the cost and time required for preparation of the transcript of evidence and had stated that "* * * he would want his case to be put 'in line' for transcription." The reporter's affidavit of March 27, 1968, is in pertinent part:

"Affiant further states that she advised Mr. Tucker that the order for the transcript would have to be accompanied by payment. This information was confirmed to Mr. Tucker by letter mailed on March 18th and affiant states that she has had no further communication of any kind from Mr. Tucker since that date.

"Affiant further states that testimony in this case will not be placed in line for transcription until it has been ordered and payment received."

On April 11, 1968, the appellants submitted an additional affidavit from the court reporter in which she stated that on April 3, 1968, she had received payment of approximately half of the estimated transcription costs along with assurance of Honorable Benjamin F. Shobe, of counsel for appellants, that the balance of the cost would be paid as the transcription progressed. The court reporter reiterated that she would be unable to complete the transcript any earlier than September 1, 1968.

RCr 12.64 provides:

"Promptly after an appeal to the Court of Appeals is taken, the appellant shall file with the circuit court the reporter's transcript and a copy thereof, if the proceedings at the trial or hearing have been stenographically reported."

RCr 12.56 and 12.58 relate to the filing of the record on appeal in this court. The latter section requires the filing of the record within sixty days but authorizes the circuit court to enlarge that time to 120 days from the date of filing the notice of appeal. The same section permits this court, upon proper motion and notice and showing of good cause, to extend the time for filing the record on appeal provided the motion for extension is made within the period for filing as originally prescribed or extended by previous order. These rules are designed to afford expeditious judicial process and to permit reasonable flexibility in order to assure ample time in which records and transcripts of evidence could be prepared and filed. These rules are not designed as devices for dilatory tactics. RCr 12.58(1) authorizes the circuit court "in its discretion" to enlarge from 60 to 120 days the time for filing the record on appeal. RCr 12.58(2) provides that this court may "in its discretion" upon proper motion and "a showing of good cause" extend the time for filing the record on appeal. As noted, RCr 12.64 directs that the appellant must file a transcript of the evidence in the circuit court "promptly" after an appeal has been taken.

In Abell v. Meguire, Ky., 402 S. W.2d 91, and Bailey v. Ashland Discount Assn., Ky., 400 S.W.2d 508, we had occasion to pass upon the meaning of "promptly" as used in CR 75.01. In those cases we held that an unwarrantedly delayed designation of record was not a prompt designation and was not a valid reason for enlarging the time to file the record on appeal. The present case presents substantially the same problem as it relates to appeals in criminal cases. As we have observed in

this opinion and Abell v. Meguire, supra, and Bailey v. Ashland Discount Assn., supra, the enlargement of time for filing records on appeal is not a perfunctory or automatic delaying device, but is provided in the furtherance of justice and is to be granted in the exercise of sound judicial discretion.

■ In face of the uncontroverted fact that at least as late as March 4, 1968, no effort had been made by the appellants to begin the processes for obtaining the transcript of evidence, we have no hesitancy in holding that the appellants are in violation of RCr 12.64 for their failure to promptly file the reporter's transcript and a copy of it with the circuit court. It follows that there was no good cause shown for the original enlargement granted by the circuit court, nor any for the enlargement by this court to March 19, 1968, and certainly no basis for further enlargement to September 1, 1968. The appellants have failed to file their record on appeal within the period prescribed by RCr 12.58(2) as enlarged by this court. There is no good cause shown why this court should further enlarge the time.

The appeal is dismissed.

All concur.