Markey **HANKINS** et al., Appellants,

v.

**CAMBRIDGE SHORES, INC.,** Appellee.

Court of Appeals of Kentucky.

June 6, 1969.

William E. Scent, Reed, Scent & Reed, Paducah, for appellants.

A. Joe Asher, Campbellsville, for appellee.

DAVIS, Commissioner.

The appellants have undertaken appeal as a matter of right, asserting that the amount in controversy exceeds $2500. The appellee has moved to dismiss the appeal on the ground that there is no proper

showing that the amount in controversy is $2500, as required for appeal as a matter of right. KRS 21.060. The judgment on appeal contains no recitation of the amount in controversy. We overruled an earlier motion to dismiss the appeal prior to submission of the case and when the full circumstances were not apparent to the court on the preliminary motion. Consideration of the record in light of the briefs convinces us that the original order refusing to dismiss the appeal was erroneous, and we are now dismissing the appeal for failure of the appellants to demonstrate their entitlement to appeal as a matter of right.

Cambridge Shores, Inc. (Cambridge) is a corporation and is successor in interest to Security National Land Company, Inc. (Security). Security developed a large subdivision in Marshall County known as Cambridge Shores Subdivision, Units I, II, and III. In the deeds to the various purchasers of lots in the subdivision, it was provided in substance that each grantee would pay an annual fee of $18 to the grantor or its successors. The deeds further provided that at least two-thirds of the money so collected was to be paid over "to a club formed by lot owners in said subdivision to be used in maintenance and improvement of lots, beaches, parks and other public grounds in said subdivision." The present litigation was initiated by a complaint filed by Cambridge against numerous lot owners in the subdivision, seeking recovery of alleged deficiencies in the payment of the annual sum of $18. Most of the defendants failed to answer the suit, and default judgments went against them according to the prayer of the complaint.

The present appellants filed answer and counterclaim. By their answer the appellants denied being in default on the claimed payments and asserted that the provisions in the deeds were void. By their counterclaim the appellants undertook to assert a class action, alleging that "only a small part of the money paid by the owners of the lots * * * has been used for the maintenance and improvements of lots,

beaches, parks and other public grounds in said subdivision and, on the contrary, the sum so paid has been expended for secretarial work, salaries of officers, legal expense, maps, insurance, utilities and other expenses not authorized by said deed of conveyance upon which this plaintiff relies." The counterclaim made no allegation respecting how much money had been misspent, although there was an allegation that the money paid in by the lot owners aggregated "several thousand dollars."

The trial court concluded that the counterclaim failed to state facts upon which relief could be based and entered judgment in favor of Cambridge against the appellants for the respective annual payments by which each was found to be in default. The money judgments against the appellants were for nominal sums, none of which was as much as $200 and the aggregate of which was less than $1,000. The appellants recognize that they may not have an appeal as a matter of right based solely on the money judgments recovered against them, but they insist that the counterclaim presented by them shows on its face that more than $2500 is in controversy.

The bare allegation that the "class" had a counterclaim of "several thousand dollars" is insufficient to establish in this record, from the pleadings and judgment, that the amount in controversy is as much as $2500. It is significant that these appellants did not move that the trial court fix an amount in controversy. There is no claim that any individual appellant had a counterclaim even remotely approximating $2500. Hence, the appellants are not entitled to appeal as a matter of right. KRS 21.060; KRS 21.070; Bailey v. Ashland Discount Assn., Ky., 400 S.W.2d 508.

The appeal is dismissed.

MONTGOMERY, C. J., and HILL, MILLIKEN, PALMORE, REED and STEINFELD, JJ., concur.

OSBORNE, J., not sitting.