T. I. M. E.—D. C., INC., a corporation, Appellant,

v.

Lydia M. BOND, Administratrix of the Estate of Phoebe Frances W. Montgomery, Deceased, Appellee.

Court of Appeals of Kentucky.

May 4, 1973.

Rehearing Denied June 29, 1973.

Allen, Duncan & Arnold, Lexington, for appellant.

Fred G. Francis, Fred G. Francis Law Office, Prestonsburg, for appellee.

THOMAS A. BALLANTINE,* Special Commissioner.

This appeal stems from the tragic accident which took the lives of Chief Justice and Mrs. Morris Montgomery. Judge Montgomery was driving the car in which

* Under an agreed order this case was considered and decided by a special panel consisting of the following circuit judges: Hon. Henry Meigs, II, Chairman, Hon. Thomas A. Ballantine, Hon. James S. Chenault, Hon. Henry Clay Cox, and Hon. L. T. Grant, all of whom concur in this opinion.

Mrs. Montgomery was a passenger when it was struck by a truck owned by appellant, T.I.M.E.–D.C., Inc.

Lydia Bond qualified as administratrix of the estate of Frances Montgomery and William Bond qualified as administrator with will annexed of the estate of Morris Montgomery. In an obvious effort to avoid diversity and removal to Federal Court, an action was filed in the Anderson Circuit Court by Lydia Bond against William Bond and TIME–DC.

William Bond answered and after controverting the allegations of Lydia Bond, asserted a cross claim against TIME–DC seeking damages for the death of Judge Montgomery. A jury returned a verdict for Lydia Bond on her claim against TIME–DC and for William Bond on his cross claim against TIME–DC. No appeal was taken from the judgment entered on the verdict for William Bond.

A notice of appeal from the judgment in favor of Lydia Bond was filed timely and the following designation of record for appeal was filed:

"You are hereby directed to copy and file and make a part of the record *the entire contents of the record* of the above styled case in your office *relating to and pertaining to the case of the plaintiff, Lydia M. Bond, Administratrix* * * * including all pleadings, depositions, and a transcript of the *testimony given by all witnesses who testified for and on behalf of the plaintiff,* Lydia M. Bond * * *; all Judgments and orders entered by the Court together with Instructions of the court to the jury and those offered and refused by the defendant-appellant, T.I.M.E.–D.C., Inc., a corporation."

■ Thereafter, appellee filed a motion to dismiss the appeal for the reason that appellant failed to accompany its designation with "a concise statement of the points upon which he intends to rely on the appeal." CR 75.04. Appellant countered this motion by asserting that its designation was of the entire record. Thus we are confronted with the question of the interpretation of the language of the designation.

Appellant takes the position that its designation did no more than exclude extraneous testimony dealing with the claim of Judge Montgomery's estate. This point might be well taken had there been a separate action by the Judge's estate. There was not. The only action filed was styled "Lydia M. Bond, Administratrix of the Estate of Phoebe Frances W. Montgomery, Deceased, vs. T.I.M.E.–D.C., Inc., a Corporation and William F. Bond, Administrator w/w/a of the Estate of Morris C. Montgomery, Deceased."

The designation is patently one of a part of the record. Apparently appellant felt that it was defending two separate actions because it seeks to bolster its claim that no statement of points was required by filing the affidavit of the court reporter setting forth his instructions from appellant's counsel. This affidavit at best furnishes but chilly comfort to appellant. The reporter states that he was told to exclude any testimony "relating to the claim by or against the estate of Morris C. Montgomery." The emphasized portions of the designation, supra, cannot be understood any way except that this is a partial designation and squarely within the mandate of CR 75.04.

■ Appellant urges that the language following the words "the entire contents of the record" are "superfluous verbiage." We cannot agree. The words following the quoted segment of the designation are all part of the same sentence and are plain words of ordinary meaning, requiring no construction; they can only be taken as words of limitation.

It has long been the *policy* of this court to require strict compliance with rules regarding orderly appeals. The requirement of a showing of prejudice by appellee was rejected in Hawks v. Wilbert, Ky., 355 S.W.2d 655 (1961), where the court said:

" * * * Rather than having to decide whether each derelection is prejudicial, the Court has adopted the *policy of strict compliance* * * * "

In Commonwealth v. Black, Ky., 329 S. W.2d 192 (1959) the court, in rejecting the contention that prejudice must be shown, quoted with approval from City of Louisville v. Christian Business Women's Club, Ky., 306 S.W.2d 274 (1957) the statement that, "What is done in one case must be done in all."

We believe that to apply the standard of prejudice to each case involving the application of CR 75.04 would impose an insupportable burden upon this court. We adhere to the precedents long established and perhaps best expressed in United Mine Workers of America v. Morris, Ky., 307 S.W.2d 763 (1957), where the Court said at page 766:

"It is with great reluctance that this Court denies a party a right to be heard on the merits of his appeal. However, an appellate hearing is conditioned upon compliance with essential rules, without which this court could not effectively conduct its business. It is our duty to enforce those rules as a part of the judicial process, even though occasional hardship may result."

In light of the foregoing discussion we do not reach the appellee's motion to dismiss for failure of appellant to file its brief timely, nor do we reach the merits of the appeal itself.

The motion of appellee to dismiss the appeal for failure to comply with CR 75.04 is hereby sustained, and the appeal is dismissed.