RENDERED:  APRIL 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1723-MR

JUDY PRUITT; JOHN ONEY; AND               APPELLANTS
ELIZABETH GIBBINS

                 APPEAL FROM BOYD CIRCUIT COURT
v.           HONORABLE JOHN F. VINCENT, JUDGE
                 ACTION NO. 17-CI-00499

TOMMY KERR ESHAM                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, KRAMER, AND MAZE, JUDGES.

GOODWINE, JUDGE:  Judy Pruitt, John Oney, and Elizabeth Gibbins

("Appellants") appeal from the September 4, 2019 and October 11, 2019 orders of

the Boyd Circuit Court regarding their claim of waste against Tommy Kerr Esham

("Appellee") and settlement of the parties' mother's estate.  Finding no manifest

injustice, we affirm.

# BACKGROUND

Nola May Waddle, mother of the parties, died testate on December 31, 2015. Appellee initiated probate proceedings in the Boyd District Court soon thereafter. Item two of Waddle's last will and testament directed debts and funeral expenses be first paid from her estate. Record ("R.") at 128. Item three of her will reads as follows:

> I hereby leave a life estate in my real property and household items located at 714 Newsom[e] Street, Ashland, Boyd County, Kentucky to my son, Tommy K. Esham. Any remainder interest in said property shall pass to my other children, Elizabeth Marie Gibbins, John Robert Oney, and Judy A. Pruitt. Any child who chooses to reside in the residence at 714 Newsome Street, Ashland, Boyd County, Kentucky shall have the responsibility to maintain the property, including but not limited to the payment of the mortgage and any liens thereon.

*Id.* Appellee and Gibbins were appointed co-executors of the estate.[1] This action was initiated by Appellee's complaint filed on July 19, 2017, in the circuit court. He claimed Pruitt and her son were trespassing by refusing to vacate the Newsome Street property. The circuit court subsequently entered a temporary injunction removing the Pruitts from the property, and they vacated thereafter.

---

[1] Both were later removed and a public administrator was appointed by the district court.

The Pruitts filed a counterclaim alleging, in part, Appellee was responsible for paying claims made against the estate. The following proofs of claim were filed against the estate in district court: (1) Ascention Point Recovery Services, LLC for the sum of $1,229.63 resulting from a balance on a JCPenney credit card; (2) American Express Centurion Bank for the sum of $16,599.73; and (3) Webb Bank Fingerhut Credit Account for the sum of $1,008.33. Appellants[2] claimed these debts, though unrelated to the Newsome Street property, were Appellee's responsibility because of his life estate and that he committed waste upon their remainder interest in the Newsome Street property by failing to retire the estate's debts. Appellants then amended their counterclaim to request settlement of the estate and joined the estate as a party to the action by and through the public administrator.

While this matter remained pending before the circuit court, in the probate proceedings, the district court entered an agreed order for the sale of the Newsome Street property. The sale was completed by contract, but no evidence of the sale amount or expenses were presented to the circuit court.[3] The record

_____

[2] Appellants Oney and Gibbins were added as counterclaimants and Pruitt's son was removed as a party because he was not an heir to Waddle's estate.

[3] Although the agreed order and contract for sale appear to have been made part of the district court record, neither was introduced at trial or made part of the circuit court record and, therefore, they are not available for review by this Court. Appellants' designation of the district court record as part of the record on appeal was improper where it was not first made part of the circuit court record. *See Miles v. United Oil Co.*, 204 Ky. 345, 264 S.W. 761, 762 (1924).

indicates there was also a home equity loan associated with the Newsome Street property, but evidence of the payoff balance was not presented at trial.

In its September 4, 2019 order, the circuit court found Appellee had committed no waste against the estate. R. at 154. The court was unconvinced by Appellants' argument that Appellee, as the life tenant, was wholly responsible for the debts of the estate unrelated to the Newsome Street property. *Id.* Regarding settlement of the estate, the circuit court determined it had the authority to settle estates under KRS[4] 395.510. However, the court ultimately found the parties presented insufficient evidence for it to make any financial determinations and did not apportion the estate's debts or proceeds from the sale of the Newsome Street property.

Furthermore, under KRS 395.510(2), the circuit court determined it could not proceed with settlement of the estate because all appropriate parties were not named in the action. Bobby Ray Oney, another of Waddle's children, was not named as a party.[5] The court also found the creditors who made claims against the estate were necessary parties and had not been named as such. Without all

---

[4] Kentucky Revised Statutes.

[5] The will indicates Bobby Ray Oney is disabled. However, the court found his guardian or committee should have been named as a party.

necessary parties to the action, the circuit court dismissed the claim. Thereafter, the court denied Appellants' timely CR[6] 59.05 motion. This appeal followed.

## NONCOMPLIANCE WITH CR 76.12

Before reaching the merits of Appellants' arguments, we must address egregious deficiencies in their brief. The rules for briefing are readily available to counsel and are the same standards to which *pro se* appellants are held. Nevertheless, counsel has largely failed to comply with the requirements of CR 76.12(4)(c).

First, an appellant's brief must include

> [a] "STATEMENT OF THE CASE" consisting of a chronological summary of the facts and procedural events necessary to an understanding of the issues presented by the appeal, with ample references to the specific pages of the record, or tape and digital counter number in the case of untranscribed videotape or audiotape recordings, or date and time in the case of all other untranscribed electronic recordings, supporting each of the statements narrated in the summary.

CR 76.12(4)(c)(iv). Appellants' statement of the case contains only seven citations to the record on appeal, all of which generally reference entire documents in the record rather than specific pages wherein relevant facts may be found by this Court. Furthermore, despite a trial having occurred in this matter, Appellants'

---

[6] Kentucky Rules of Civil Procedure.

statement of the case is devoid of any reference to the video record.[7]  "[I]t is an Appellant's duty and obligation to provide citations to the record regarding the location of the evidence and testimony upon which he relies to support his position, and if an appellant fails to do so, we will accordingly not address it on the merits." *Commonwealth v. Roth*, 567 S.W.3d 591, 594 (Ky. 2019) (citation and internal quotation marks omitted).

> Next, an appellant's brief must contain
>
> [a]n "ARGUMENT" conforming to the statement of Points and Authorities, with ample supportive references to the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.

CR 76.12(4)(c)(v).  In their argument, Appellants have again provided minimal citations to the record.  Appellants also scarcely support their arguments with relevant authority.  "It is not our function as an appellate court to research and construct a party's legal arguments.  We will not search the record to construct [the appellant's] argument for him, nor will we go on a fishing expedition to find

---

[7] We note the record on appeal in this case is incomplete as it does not contain the video recording of the trial.  Counsel designated the video recording as part of the record on appeal. However, counsel is reminded of the "reciprocal duties imposed upon the appealing party and the clerk by CR 75.07" to ensure the record on appeal is properly prepared and transmitted to this Court.  *Belk-Simpson Co. v. Hill*, 288 S.W.2d 369, 370 (Ky. 1956).

support for his underdeveloped arguments." *Prescott v. Commonwealth*, 572 S.W.3d 913, 923 (Ky. App. 2019) (citation and internal quotation marks omitted).

Furthermore, Appellants' brief contains no statements of preservation for their arguments. Preservation statements are crucial to appellate review so that "the reviewing Court[] can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration." *Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

> Finally, an appellant's brief should include an appendix
>
> [w]ith appropriate extruding tabs containing copies of the findings of fact, conclusions of law, and judgment of the trial court, any written opinions filed by the trial court in support of the judgment, the opinion or opinions of the court from which the appeal is taken, and any pleadings or exhibits to which ready reference may be considered by the appellant as helpful to the appellate court. The first item of the appendix shall be a listing or index of all documents included in the appendix. The index shall set forth where the documents may be found in the record. The appellant shall place the judgment, opinion, or order under review immediately after the appendix list so that it is most readily available to the court. . . .

CR 76.12(4)(c)(vii). Appellants' brief contains no appendix and the order from which the appeal was taken was not attached therein. Instead, we had to scour the record for it, which is not the responsibility of this Court. *See G.P. v. Cabinet for Health and Family Services*, 572 S.W.3d 484, 490 (Ky. App. 2019) (citation omitted).

"Failing to comply with the civil rules is an unnecessary risk the appellate advocate should not chance. Compliance with CR 76.12 is mandatory." *Bewley v. Heady*, 610 S.W.3d 352, 355 (Ky. App. 2020) (citation omitted). We would be well within our discretion to strike Appellants' brief and dismiss their appeal for counsel's failure to comply with the civil rules. *Curty v. Norton Healthcare, Inc.*, 561 S.W.3d 374, 378 (Ky. App. 2018) (citation omitted). However, we recognize such a harsh outcome ultimately sanctions the clients. Therefore, we will review this matter for manifest injustice only. *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citation omitted). We strongly urge counsel to familiarize himself with the rules for appellate practice. He cannot be guaranteed such leniency in the future.

## STANDARD OF REVIEW

On review for manifest injustice, "the required showing is probability of a different result or error so fundamental as to threaten a [party's] entitlement to due process of law." *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006).

## ANALYSIS

On appeal, Appellants argue the following: (1) the circuit court had subject matter jurisdiction to decide this matter while the matter was proceeding through district court; (2) the circuit court's interpretation of the will was clearly erroneous; (3) they are entitled to a judgment as a matter of law against Appellee

because he committed waste against the Newsome Street property; and (4) the circuit court had no authority to apportion the proceeds from the sale of the Newsome Street property.

First, the circuit court did not have jurisdiction to settle the estate where Appellants failed to comply with KRS 395.510(2). Contrary to Appellants' allegations, the circuit court found it had jurisdiction to settle estates, generally, under KRS 395.510 and to decide adversarial matters such as these under *Hale v. Moore*, 289 S.W.3d 567, 579 (Ky. App. 2008). However, KRS 395.510(2) requires

> [t]he representatives of the decedent, and all persons having a lien upon or an interest in the property left by the decedent, or any part thereof, and the creditors of the decedent, so far as known to the plaintiff, must be parties to the action as plaintiffs or defendants.

The circuit court found Bobby Ray Oney and the three creditors who filed proofs of claim against the estate in district court were necessary parties to the action. Appellants argue Oney need not be named as a party because he had, at most, a residuary interest.[8] Appellants make no argument as to the estate's creditors.

The requirements of KRS 395.510(2) are mandatory. *White v. White*, 883 S.W.2d 502, 504 (Ky. App. 1994). A plain reading of the statute indicates Ascension Point Recovery Services, LLC; American Express Centurion Bank; and

---

[8] Appellants further allege Oney passed away sometime after the filing of their notice of appeal.

Webb Bank Fingerhut Credit Account, as creditors of the estate known to Appellants, should have been made parties to the action. With no argument from Appellants to the contrary, no manifest injustice resulted from the circuit court's dismissal.

Although the circuit court did not have jurisdiction to settle the estate under KRS 395.510, the parties' separate claims relating to interpretation of the will, alleged waste by Appellee under KRS 381.350, and payment of debts under KRS 394.420 were properly before the court. Therefore, we will review Appellants' arguments regarding those claims.

The circuit court's interpretation of the will did not result in manifest injustice. Appellants contend the last sentence of item three applies to any party, life tenant, or remainderman, who lives in the Newsome Street property. They concede the Newsome Street property, by agreement, has now been sold to a third party, giving none of the parties the right to live therein. A matter is moot where "an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual[.]" *Calhoun v. Wood*, 516 S.W.3d 357, 359 (Ky. App. 2017) (citation omitted). On this basis, the sale rendered any argument relating to possession of the property moot.

Furthermore, the circuit court engaged in some discussion of division of the estate's debt in proportion to the value received by the heirs under KRS 394.420. However, the court did not make any financial determinations because it lacked the evidence to do so. Appellants allege the circuit court needed no additional evidence because all the estate's debts should be assigned to Appellee. This claim is based upon Appellee's life estate in the Newsome Street property and the last sentence of item three in the will requiring any child living on the property to maintain it by paying the mortgage and any liens thereon. However, as cited by the circuit court, Waddle also directed "all my just debts . . . be first paid from my estate as soon as practicable after my death." R. at 128.

The court was unconvinced by Appellants' argument that item three made Appellee responsible for all the estate's debts. Instead, the circuit court found the estate was required to pay its debts under item two. It further found there was no residuary estate and, under KRS 394.420(2), the estate had insufficient assets to pay its debts. Therefore, the court found the debt was required to be apportioned between the parties according to the value they received.

When interpreting a will, "[a]s in any case where a court is called upon to interpret a document, the first and most important guide is the plain language of the instrument." *Benjamin v. JP Morgan Chase Bank, N.A.*, 305

S.W.3d 446, 451 (Ky. App. 2010) (citation omitted). "If the language used is a reasonably clear expression of intent, then the inquiry need go no further." *Id.* at 451-52 (citation omitted). Herein, the language of the will plainly states the debts shall be paid from the estate. There is no language showing Waddle intended for Appellee, as the life tenant, to be solely responsible for the estate's debts. On this basis, we find no manifest injustice resulted from the circuit court's interpretation of the will.

Relatedly, Appellants are not entitled to a judgment as a matter of law against Appellee because of his failure to retire the estate's debts. Appellants allege Appellee's nonpayment of the estate's debts which were unrelated to the Newsome Street property constituted waste under KRS 381.350. The circuit court was unconvinced by this argument and, based upon an inspection by the public administrator, found Appellee had not committed waste.

Appellants' singular citation to authority is to *Adams v. Adams*, 371 S.W.2d 637, 638 (Ky. 1963) (citations omitted), wherein the Court held a life tenant is required to pay taxes, insurance, repairs, and improvements on the property. *Adams* does not speak to Appellants' argument that a life tenant is responsible for an estate's debts unrelated to the real property in which he has the life estate. Furthermore, despite arguing the record does not support the court's findings, Appellants cite to no specific evidence in the record showing waste by

-12-

Appellee.[9]  Therefore, no manifest injustice resulted from the circuit court's finding that Appellee did not commit waste.

Finally, Appellants allege the circuit court is without authority to apportion the proceeds from the sale of the Newsome Street property and, regardless of its authority, apportionment is unnecessary because they are entitled to all the proceeds from the sale of the Newsome Street property.  They claim entitlement to the entirety of the proceeds because forfeiture of Appellee's life estate is required by KRS 381.350.  As we have previously affirmed the circuit court's finding that Appellee did not commit waste, there is no basis for forfeiture of his life estate.  Therefore, Appellants are not entitled to the entirety of the proceeds from the sale of the property.

Furthermore, where the circuit court dismissed the matter without making any financial determinations, Appellants' arguments regarding the court's authority to apportion proceeds do not merit further review.

## CONCLUSION

Based on the foregoing, the orders of the Boyd Circuit Court are affirmed.

ALL CONCUR.

---

[9] Without the video recording, we are unable to review it for evidence of waste and must assume the testimony and evidence presented at trial support the circuit court's findings. *Gambrel v. Gambrel*, 501 S.W.3d 900, 902 (Ky. App. 2016) (citation omitted).

-13-

BRIEFS FOR APPELLANTS:          BRIEF FOR APPELLEE:

Charles L. Douglas, Jr.          Gregory C. Shields
Greenup, Kentucky               Catlettsburg, Kentucky